UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN E. JOHNSON<br>5902 Mt. Eagle Drive, # 1601<br>Alexandria, VA  22303<br><br>             Plaintiff,<br>     v.<br><br>MARGARET SPELLINGS,<br>Secretary of Education,<br>400 Maryland Avenue, SW<br>Washington, DC  20202-2110,<br><br>             Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 06-0321 (GK)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ANSWER**

Defendant Margaret Spellings, Secretary, United States Department of Education, by her undersigned attorneys, hereby answers the Complaint as follows:

1.  This paragraph is a jurisdictional statement to which no response is required.  If an answer is deemed required, jurisdiction is not contested, except to those claims for which plaintiff failed to exhaust available administrative remedies.  However, as to the substance of the claims therein, the defendant denies.

2. Admit that plaintiff filed a formal complaint of discrimination on September 20, 2002 alleging unlawful employment discrimination, but deny that the formal complaint of discrimination alleged reprisal.

3.  Admit.

4. Paragraph 4 contains legal conclusions to which no response is required.  To the extent a response is required, defendant admits that plaintiff never received anything less than successful (or equivalent) performance rating during her tenure at Education; admits that

plaintiff was employed at the Office of the Chief Financial Officer from October 18, 1993 until the Agency removed her from her position for cause effective August 6, 2004, and that plaintiff's starting position was at the grade 5 level and her ending position was a GS-11 Accountant; and denies that plaintiff was qualified to perform her job functions as a GS-12.

    5.  Paragraph 5 contains legal conclusions to which no response is required.  To the extent a response is required, defendant denies that plaintiff was a qualified individual with a disability.  Defendant is without sufficient information or knowledge to either admit or deny plaintiff's allegations as to exactly when her disorders were first diagnosed.

    6.  Paragraph 6 contains legal conclusions to which no response is required.  To the extent a response is required, defendant is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 6.

    7.  The defendant admits that agency officials were aware that plaintiff suffered from mental illness problems, but denies that such awareness was equivalent to a recognition or admission that plaintiff's condition constituted a legally recognizable disability under the Rehabilitation Act or that she was entitled to, or required a, reasonable accommodation.

    8. Paragraph 8 contains legal conclusions to which no response is required.  To the extent a response is required, defendant denies that merely having time-in-grade (*i.e.*, eligibility) is sufficient to make one entitled to a career-ladder promotion.

    9.  Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations in paragraph 9 and denies that she was treated differently due to any alleged disabilities.

    10. Paragraph 10 contains legal conclusions to which no response is required. To the extent that a response is required, defendant denies the allegations in paragraph 10, except to

state that the testimony of Mr. Lawrence speaks for itself. Defendant further avers that the topic of a denial of a career ladder promotion was not timely brought to an EEO counselor, which is a requisite for a matter to be ripe for consideration by the EEOC or the courts.

11. Paragraph 11 contains legal conclusions to which no response is required and contains a prayer that would be associated with a timely complaint relating to a denial of a career ladder promotion. To the extent that a response is required, defendant denies paragraph 11.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent that a response is required, defendant avers that plaintiff failed to timely raise the matter of flex hours with an EEO counselor, and denies plaintiff's characterization of defendant's actions and denies that any of the actions taken by the defendant relating to plaintiff were done with discriminatory intent or with a discriminatory purposes.

13. Paragraph 13 contains legal conclusions to which no response is required and contains a prayer that would be associated with a timely complaint relating to a denial of flex hours. To the extent that a response is required, defendant denies paragraph 13.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent that a response is required, defendant denies that plaintiff's vacation to the Galapagos Islands is authorized for leave without pay, and avers that defendant did approve her leave for the vacation. Defendant further denies plaintiff's characterization of defendant's actions and denies that any of the actions taken by the defendant relating to plaintiff were done with discriminatory intent or with a discriminatory purposes.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent that a response is required, defendant denies that preapproval of plaintiff's personal vacation to the Galapagos Islands is authorized for leave without pay (notwithstanding that she

was granted leave without pay for the vacation absence) and denies that her vacation constituted a reasonable accommodation. Defendant further denies plaintiff's characterization of defendant's actions and denies that any of the actions taken by the defendant relating to plaintiff were done with discriminatory intent or with a discriminatory purposes.

      16. Paragraph 16 contains legal conclusions to which no response is required. To the extent that a response is required, defendant is without sufficient knowledge or information to either admit or deny the allegations relating to plaintiff's mental condition.

      17. Paragraph 17 contains legal conclusions to which no response is required. To the extent that a response is required, defendant denies the allegations and further denies plaintiff's characterization of defendant's actions and denies that any of the actions taken by the defendant relating to plaintiff were done with discriminatory intent or with a discriminatory purposes.

      18. Paragraph 18 contains legal conclusions to which no response is required. To the extent that a response is required, defendant is without sufficient knowledge or information to either admit or deny the allegations relating to plaintiff's mental condition.

      19. Paragraph 19 contains legal conclusions to which no response is required. To the extent that a response is required, defendant denies the allegations and further denies plaintiff's characterization of defendant's actions and denies that any of the actions taken by the defendant relating to plaintiff were done with discriminatory intent or with a discriminatory purposes. Defendant avers that plaintiff is attempting to raise her removal as a quasi-constructive forced disability retirement issue here, notwithstanding that plaintiff has not exhausted her administrative remedies for any challenge regarding her removal.

      20. Paragraph 20 contains legal conclusions to which no response is required. To the extent that a response is required, defendant denies plaintiff's characterization of defendant's

actions and denies that any of the actions taken by the defendant relating to plaintiff were done with discriminatory intent or with a discriminatory purposes. the allegations.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent that a response is required, defendant denies the allegations.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent that a response is required, defendant denies the allegations and avers that any challenge to plaintiff's removal is not properly before the Court, as plaintiff failed to exhaust her administrative remedies relating to the removal.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent that a response is required, defendant denies the allegations and avers that any challenge to plaintiff's removal is not properly before the Court, as plaintiff failed to exhaust her administrative remedies relating to the removal.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent that a response is required, defendant lacks sufficient information or knowledge to either admit or deny the allegations relating to plaintiff's health status and denies the remaining allegations.  Defendant avers that any challenge to plaintiff's removal is not properly before the Court, as plaintiff failed to exhaust her administrative remedies relating to the removal.

25. Paragraph 25 contains plaintiff's prayer for relief, to which no response is required. To the extent that a response might be necessary, defendant denies that plaintiff is entitled to the relief requested or to any relief whatsoever.  Defendant further avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. § 1981a.

26. Paragraph 26 contains plaintiff's prayer for relief, to which no response is required. To the extent that a response might be necessary, defendant denies that plaintiff is entitled to the

relief requested or to any relief whatsoever.  Defendant further avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. § 1981a.

27.  Paragraph 27 contains plaintiff's demand for a jury trial, to which no response is necessary.

Defendant denies each and every allegation not previously admitted, denied, or otherwise qualified.

WHEREFORE, having fully answered, defendant prays that this action be dismissed and that the Court grant such and other further relief as may be appropriate.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Plaintiff has failed to exhaust her administrative remedies on several of the claims raised in the Complaint.

May 11, 2006                                    Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, DC BAR #451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

_____/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 Fourth Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 307-1249