UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Susan E. Johnson
5902 Mt. Eagle Drive, # 1601
Alexandria, Virginia 22303

    Plaintiff

        v.                CIVIL ACTION NO. 06-0321 (GK)

Margaret Spellings, Secretary
U.S. Department of Education
400 Maryland Avenue, S.W.
Washington, D.C. 20202

    Defendant

## JOINT MEET AND CONFER STATEMENT

Pursuant to Judge Kessler's "Order Setting Initial Scheduling Conference" (dated May 12, 2006) in the above-captioned case, the plaintiff's counsel and the defendant's counsel conferred on May 22, 2006, and discussed the matters required to be discussed pursuant to such Order and under the Rules.

Counsels considered the presumptive Case Tracking Schedules set forth in Appendix I to the Order, discussed modifications, and have agreed to the time-frames as set forth in the Proposed Case Tracking Schedule at the end of this report.

Not later than 72 hours prior to the Initial Scheduling Conference set for June 13, 2006, supplemental pleadings will be filed by counsels containing a brief statement of the case and the statutory basis for all causes of action and defenses.

### Matters Discussed by the Parties

The counsels representing each party discussed all matters required to be discussed under each of the paragraphs set forth in Rule 16.3(c) of the Local Rules.

1

The availability of alternative dispute resolution (ADR) procedures, which the Order refers to and sets forth in Appendix II, is discussed in the responses which follow, under paragraph (5).

The counsels' agreements and responses are set forth following each of the Rule's numbered paragraphs (which are shown in bold type).

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

The plaintiff does not agree that the case is likely to be disposed of by dispositive motion. The defendant believes that the case could be resolved by a dispositive motion following the close of discovery.

The parties agree that any dispositive motions would be filed in accordance with the deadline specified in the Tracking Schedule at the end of this report.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

There are no other parties to be joined.

As to the prospects and timing of amended pleadings and whether any of the factual and legal matters can be agreed upon or narrowed, the parties agree that such matters should be considered at the status and pretrial conferences.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Neither the plaintiff nor the defendant will agree to assignment of the case to a magistrate judge for all purposes, including trial.

**(4) Whether there is a realistic possibility of settling the case.**

The parties agree that the question of any possibility of settling the case must await the close of discovery.

**(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**

2

**(i) the client's goals in bringing or defending the litigation;**

**(ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement**

**(iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:**

> **(aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and**

> **(bb) whether ADR should take place before or after the judicial resolution of key legal issues;**

**(iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and**

**(v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.**

This paragraph sets forth the specific responses on the plaintiff's behalf to the queries embedded in the above language. The plaintiff's counsel has discussed with the plaintiff the availability of alternative dispute resolution (ADR) procedures. The plaintiff's counsel has considered the items described in each of the clauses above, and has discussed the response to these provisions with the plaintiff. The plaintiff's goal is to have her case go before a court with the presentation of evidence to a jury for a decision on her claims. The plaintiff does not agree that alternative dispute resolution (ADR) procedures would be beneficial. Settlement talks have not occurred.

Defendant believes that ADR is premature at this stage and should be considered following the close of discovery, although defendant will continue to evaluate her case and consider ADR as appropriate.

Plaintiff's counsel is in agreement with the defendant's counsel that this subject may be considered later at the time of the status conference, to be held as described in the Tracking Schedule at the end of this report.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The plaintiff's counsel does not agree that the case can be resolved by summary judgment or motion to dismiss. The defendant's counsel believes that the case could be resolved by summary judgment following the close of discovery.

The time-frames specifying dates for filing dispositive motions, oppositions, replies, and decisions are set forth in the agreed-upon Tracking Schedule at the end of this report.

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree that initial disclosures will be made in accord with Rule 26(a)(1) of the Federal Rules of Civil Procedure.

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties are in agreement on the time-frames for discovery set forth in the agreed-upon Tracking Schedule at the end of this report, including the deadline for the completion of all discovery.

The parties agree to the discovery scope and limits as set forth in section 26(b) of the Federal Rules of Civil Procedure.

This paragraph sets forth the response by the plaintiff's counsel as to whether a protective order is appropriate. It is not possible to anticipate or afford notice at this stage as to whether any protective order will be requested. During the Equal Employment Opportunity Commission (EEOC) consideration of the plaintiff's complaint against the Federal agency which is the defendant in this case, the administrative judge granted protection in the discovery process in response to the plaintiff's requests, including a protective order. If protective orders are to be sought in these proceedings, proper motions will be made under Rule 26(c) of the Federal Rules of Civil Procedure.

**(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties agree that the exchange of expert witness reports and information should be made in accordance with the provisions of Rule 26(a)(2) of the Federal Rules of Civil Procedure.

**(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

This case is not a class action.

**(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties agree that there is no need for bifurcation.

**(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties agree that the Court should set a date for a status conference following the Court's resolution of dispositive motions. At the status conference, the Court should set a date for a pretrial conference.

**(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties agree that the pretrial conference would be the appropriate time to set a trial date.

**(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties have no other matters to propose for inclusion in the scheduling order.

**Proposed Tracking Schedule Agreed Upon by the Parties in the Case of Susan E. Johnson v. Margaret Spellings - Civil Action No. 06-0321 (GK)**

Exchange witness lists -- 45 days after scheduling conference

Deadline for post-Rule 26(a) discovery requests -- 60 days after scheduling conference

Plaintiff's Rule 26(a)(2) statements -- 90 days after scheduling conference

Defendant's Rule 26(a)(2) statements -- 120 days after scheduling conference

All discovery closed -- 180 days after scheduling conference

Deadline for filing dispositive motions -- 45 days after close of discovery

Oppositions -- 30 days after filing of dispositive motions

Replies -- 20 days after filing of oppositions to dispositive motions

Status conference -- date to be set by the Court following decisions on dispositive motions.

Pretrial Conference -- date to be set by the Court at the status conference

This Joint Meet and Confer Statement is submitted on behalf of the plaintiff's counsel (undersigned) and on behalf of the defendant's counsel, John F. Henault, Assistant United States Attorney.

June 2, 2006

                                        Respectively submitted,

                                        _____/s/_____

                                        Richard E. Johnson
                                        Counsel for the Plaintiff
                                        District of Columbia Bar # 86686
                                        3522 Majestic Lane
                                        Bowie, Maryland 20715-1604
                                        Phone and fax number: 301-262-9658
                                        E-mail: richard-johnson@verizon.net