UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Susan E. Johnson
5902 Mt. Eagle Drive, # 1601
Alexandria, Virginia 22303

    Plaintiff

        v.                        CIVIL ACTION NO. 06-0321 (GK)

Margaret Spellings, Secretary
U.S. Department of Education
400 Maryland Avenue, S.W.
Washington, D.C. 20202

    Defendant

## PLAINTIFF'S BRIEF STATEMENT OF THE CASE

    1. <u>Discrimination allegations.</u>  Section 107(a) of the Rehabilitation Act of 1973, as amended  (42 U.S.C. §12117(a)), authorizes persons alleging discrimination on the basis of disability in violation of such Act to have the powers, remedies, and procedures available under section 706 of the Civil Rights of 1964, as amended (42 U.S.C. §2000e-5(f)(1))

    2. <u>Jurisdiction.</u>  Such section 706 of the Civil Rights of 1964, as amended (42 U.S.C. §2000e-5(f)(1)) authorizes persons whose claims to be aggrieved have been dismissed by the U.S. Equal Employment Opportunity Commission (EEOC) to bring civil actions in the appropriate United States district courts.

    3. <u>Prohibition against Federal employment discrimination.</u>  Section 501 of the Rehabilitation Act of 1973, as amended (29 U.S.C. §791 et seq.) prohibits Federal agencies from discriminating in employment against individuals with disabilities.  As a Federal employee who was aggrieved by her employer's discriminatory and retaliatory actions in her employment with the U.S. Department of Education (the Agency), the Plaintiff's claims were submitted under such section 501 of the Rehabilitation Act.

4. <u>Disabilities.</u>  The Plaintiff qualified as a protected individual with disabilities under section 501 of the Rehabilitation Act, as amended, applying the standards of the Americans With Disabilities Act of 1990, as amended (42 U.S.C. §12101 et seq.).  Section 501(g) of the Rehabilitation Act (29 U.S.C. §791(g)) applies standards under the Americans With Disabilities Act (ADA) to the Rehabilitation Act.

5. <u>Limitations requiring reasonable accommodations.</u>  The Plaintiff's mental illness disabilities are recurring major depression and chronic anxiety disorder.  These disabilities impose substantial limitations upon her major life activities, restricting her activities in everyday life, and require reasonable accommodations at work with flexible hours.

6. <u>Qualifications for job position.</u>  The Plaintiff was qualified to perform the essential functions of her position as an accountant in the U.S. Department of Education.  The Plaintiff was employed in the Department's Office of the Chief Financial Officer (OCFO) from October 18, 1993, until her termination by the Agency on August 6, 2004 (while proceedings on her complaint with the EEOC were still pending).

7. <u>Cause of action: Discrimination regarding promotion.</u>  The Plaintiff was discriminated against as an individual with disabilities in violation of section 501 of the Rehabilitation Act (applying the ADA) when she was denied the opportunity for a career-ladder promotion from GS-11 to GS-12 grade level because of her disabilities, and because those disabilities required reasonable accommodations involving flexibility and variability in working hours.

8. <u>Cause of action: Discrimination denying reasonable accommodations.</u>  The Plaintiff was discriminated against as an individual with disabilities in violation of section 501 of the Rehabilitation Act (applying the ADA) by the denial of reasonable accommodations that she needed as an individual with disabilities to provide her with flexibility in work hours.  The Plaintiff was denied reasonable accommodations that would have allowed her to work during hours when she could have worked (outside of regular core hours), and would correspondingly have allowed that number of hours worked to be credited as replacement for the hours when she was unable to work due to symptoms caused by periods of recurring major depression and chronic anxiety disorder.

9. <u>Cause of action: Discrimination denying prior approval of reasonable accommodation for medically-indicated LWOP.</u>  The Plaintiff was discriminated against as an individual with disabilities in violation of section 501 of the Rehabilitation Act (applying the ADA) by her

supervisor's refusal to approve 72 hours of leave-without-pay (LWOP). The Plaintiff requested her supervisor to provide prior approval of leave-without-pay totaling 72 hours (nine days) for a trip for relaxation and recovery from stress and anxiety, which was supported by her psychiatrist as medically beneficial. Her supervisor ignored her request for such reasonable accommodation, and failed to inform her of any action on her request.

10. <u>Cause of action: Retaliation because Plaintiff made EEO charges.</u> After receiving her request for 72-hours of LWOP, the Plaintiff's supervisor undertook to retaliate against her because she had submitted an EEO complaint charging discrimination by him against her as an individual with disabilities, and because she participated in EEO proceedings, including hearings investigating such charges that occurred less than a month before this retaliation began.

Ignoring the Plaintiff's request for the above-described reasonable accommodation, the Agency demanded that the Plaintiff provide medical documentation under the Family and Medical Leave Act (FMLA), as if the Plaintiff has requested leave-without-pay under the FMLA, a demand that violated EEOC guidelines providing that such requests must be voluntary. Her supervisor's refusal to act prospectively on her leave-without-pay (LWOP) request as a reasonable accommodation threatened the Plaintiff with absence-without-leave (AWOL) adverse action.

Section 503(a) of the Americans With Disabilities Act (ADA) provides:

> **(a) Retaliation**. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act."
> (ADA Section 503(a), 42 U.S.C. §12203(a))

11. <u>Cause of action: Retaliation and intimidation.</u> The Agency retaliated against the Plaintiff by acting to coerce, intimidate, and threaten her into relinquishing her EEO claims and leaving her accountant job position.

Section 503(b) of the Americans With Disabilities Act (ADA) provides:

> **(b) Interference, Coercion, or Intimidation.** It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this Act."
> (ADA Section 503, 42 U.S.C. §12203(b))

Such protected rights include rights under the Rehabilitation Act, because section 501(g) of such Act (29 U.S.C. §791(g)) applies ADA standards to the Rehabilitation Act.

The Agency retaliated against the Plaintiff in violation of ADA Section 503 by unlawful actions to coerce, intimidate, threaten, and interfere with the Plaintiff in the exercise of her rights under section 501 of the Rehabilitation Act and with the Plaintiff's pursuit of her rights in proceedings under her Equal Employment Opportunity (EEO) anti-discrimination case. These coercive threats attempted to compel the Plaintiff to apply for disability retirement under the Federal Employees Retirement System (despite her desire to continue at that time in her employment status as an accountant but in a nondiscriminatory workplace environment within the Agency), or else to find lateral or lower-level employment in another job or to accept demotion to a lower grade level than her existing grade level at that time, under the threat of the termination of her employment in her position as a GS-11 accountant.

12. <u>Cause of action: Hostile work environment and harassment discriminating and retaliating against Plaintiff.</u> The Plaintiff was discriminated against as an individual with disabilities in violation of section 501 of the Rehabilitation Act (applying the ADA), and retaliated against her in violation of section 503 of the ADA, based on her disabilities (recurring major depression and chronic anxiety disorder), as she was subjected to a continually hostile work environment and harassment. The retaliatory incidents described in the Plaintiff's Complaint continued the pattern of harassment since the Plaintiff initiated proceedings in her anti-discrimination case in the EEO process starting in the Agency's internal processes.

13. <u>Cause of action: Termination of Plaintiff's employment was discriminatory.</u> The Plaintiff was discriminated against as an individual with disabilities in violation of section 501 of the Rehabilitation Act (applying the ADA) by the termination of her employment because of her disabilities. The Department of Education terminated the Plaintiff from her employment as an accountant, discriminating against the Plaintiff because of her mental illness disabilities of recurring major depression and chronic anxiety disorder, and because of her demands for reasonable accommodations that would meet her needs for flexible work hours as a qualified individual with disabilities.

14. <u>Cause of action: Termination of Plaintiff's employment was retaliatory.</u> The Agency retaliated against the Plaintiff by the termination of her employment because of her prior EEO activity. Section 503(a) of the Americans With Disabilities Act (42 U.S.C. §12203(a)) provides

4

that no person shall discriminate by retaliating against any individual because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under applicable law protecting individuals with disabilities from discrimination.  The Agency's termination of the employment of the Plaintiff was the ultimate adverse employment action retaliating against the Plaintiff because of the charges that she brought to vindicate her rights as an individual with disabilities.

15.  <u>Demand for Relief.</u>  The Plaintiff demands monetary damages, including (but not limited to) general and compensatory damages, for injuries, pain, suffering, mental anguish, and loss of pay and other losses as inflicted on her by violations of section 501 of the Rehabilitation Act (42 U.S.C. §791) prohibiting discrimination and section 503 of the Americans With Disabilities Act of 1990 (42 U.S.C. §12203) prohibiting retaliation and intimidation.

Section 107(a) of the Rehabilitation Act of 1973, as amended  (42 U.S.C. §12117(a)), authorizes persons discriminated against on the basis of disability in violation of such Act to have the remedies available under section 706 of the Civil Rights of 1964, as amended (42 U.S.C. §2000e-5(f)(1)).

June 9, 2006

                                                         Respectfully submitted,


_____/s/_____

Richard E. Johnson
Counsel for the Plaintiff
District of Columbia Bar # 86686
3522 Majestic Lane
Bowie, Maryland 20715-1604
Phone and fax number: 301-262-9658
E-mail: richard-johnson@verizon.net