

## UNITED STATES DEPARTMENT OF EDUCATION

### WASHINGTON, D.C. 20202-_____



EXHIBIT
Johnson 19
12-7-06

## MEMORANDUM

| | | |
|---|---|---|
| TO | : | Susan E. Johnson<br>Accountant |
| FROM | : | Mack Lawrence, Supervisor<br>Grant Program, Admin Rpt and Recon Group (ELRG) |
| SUBJECT | : | Notice of Proposal to Remove |
| DATE | : | May 27, 2004 |

This memorandum serves as notice that I propose to remove you from your position of Accountant (OA), GS-510-11, in the Grant Program, Administrative Reporting and Reconciliation Group, Office of Chief Financial Officer (OCFO), and from your employment with the U.S. Department of Education. This proposal is made pursuant to the provisions of Title 5 of the U.S. Code, Chapter 75, Section 7501 et seq., the implementing regulations at 5 C.F.R. Part 752; the Department of Education Personnel Manual Instruction (PMI) 751-1, Discipline and Adverse Actions (September 5, 2003); and Article 41 of the Collective Bargaining Agreement. The specific reasons and details for this proposed action are as follows:

## BACKGROUND:

You have been carried in a Leave Without Pay (LWOP) status for most of the 2003 leave year and much of 2004 thus far. In pay period (pp) 01 to 05 of 2003 you used 254 hours of LWOP and in each pp from pp 06 to pp 26 you were approved for 80 hours of LWOP. In pp 01 to pp 08 of 2004 you continued to be approved for 80 hours of LWOP, thus incurring 1,934 hours of LWOP in 2003 and 640 hours of LWOP in 2004. This leave included your entitlement to 12 weeks of paid or unpaid absences from the workplace under the Family Medical Leave Act (FMLA). In a memorandum dated, March 25, 2004, you were told to return to the office on Monday, April 5, 2004, or alternatively, if you were unable to return to duty, you were told to submit additional medical information for review, which you have not done to date. You did not request additional leave, nor did you return to duty on April 5, 2003 (pp09), or any day thereafter. You are being charged Absence Without Leave (AWOL) since April 5, 2004.



GOVERNMENT
EXHIBIT
18



Page 2 - Ms. Susan E. Johnson – Proposal to Remove

You were approved for LWOP based on a November 9, 2003, letter submitted from your psychiatrist, Dr. George C. James which stated that your "underlying depression and anxiety are not conditions that preclude [you] from returning to work at the Department of Education" and that "in [his] opinion, it would be extremely detrimental to Ms. Johnson's mental health for her to return to the workplace." Based on Dr. James' statement that you were not precluded from returning to work at the Department of Education (ED), I initiated a discussion with you, in writing, dated January 16, 2004, to look at the possibility of reassigning you into a vacant position at your current grade or at a lower pay level as a viable form of reasonable accommodation. To ensure delivery of this letter, it was mailed to your current address via regular mail, certified-return/receipt, and FedEx. It is undisputed that you and your legal representative did receive and did read this correspondence. Nonetheless, you chose to ignore this interactive invitation on the matter of a possible reasonable accommodation reassignment.

On March 3, 2004, I again initiated a written dialogue with you to ask for your input regarding your interests and any additional qualifications not listed on your SF-171 filed in your Official Personnel Folder, as well as any information from your health providers on limitations that might apply to a given type of job. This letter was also mailed to your current address via regular mail, certified - return/receipt, and FedEx. It is undisputed that you and your legal representative did receive and did read this correspondence. Again, you chose to ignore the requests for meaningful input from your side on how the Agency might be able to reasonably accommodate your medical conditions.

In sum, both the January 16th and March 3rd memoranda advised you that your entitlement to 12 weeks of LWOP under the FMLA would end on April 5, 2004, and that if the Agency did not hear back from you and you did not return to work, no further consideration would be given to reassignment. Next, having not heard from you after the first correspondence, we informed you that your continued noncompliance with the Agency's outstanding requests would lead to a charge of AWOL, which became effective as of April 5, 2004.

Your continued absence places a burden on the remaining workforce and impacts negatively on the efficiency of the service. At this juncture, I can only presume that it is unlikely that you are able or willing to return to work. It is for these reasons that Federal Regulations and Departmental policy prohibit the continued granting of LWOP. In light of this, I will not continue to grant you LWOP. Therefore, I believe that your continued absence, whether attributed to LWOP or AWOL, warrants my proposing your removal for the efficiency of the Federal service. The charges are described below.

***Charge I: Failure to Follow Proper Leave Procedures***

Since April 5, 2004, you have not followed proper procedures for requesting leave, and you have not reported to work as follows:

Specification 1:          On April 5, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty.

Page 3 - Ms. Susan E. Johnson – Proposal to Remove

| | |
|---|---|
| Specification 2: | On April 6, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 3: | On April 7, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 4: | On April 8, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 5: | On April 9, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 6: | On April 12, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 7: | On April 13, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 8: | On April 14, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 9: | On April 15, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 10: | On April 16, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 11: | On April 19, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 12: | On April 20, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 13: | On April 21, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 14: | On April 22, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 15: | On April 23, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 16: | On April 26, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 17: | On April 27, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 18: | On April 28, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 19: | On April 29, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 20: | On April 30, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 21: | On May 3, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 22: | On May 4, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 23: | On May 5, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 24: | On May 6, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |

Page 4 – Ms. Susan E. Johnson – Proposal to Remove

| | |
|---|---|
| Specification 25: | On May 7, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 26: | On May 10, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 27: | On May 11, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 28: | On May 12, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 29: | On May 13, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 30: | On May 14, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 31: | On May 17, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 32: | On May 18, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 33: | On May 19, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 34: | On May 20, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 35: | On May 21, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 36: | On May 24, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 37: | On May 25, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |
| Specification 38: | On May 26, 2004, you failed to call in to request leave and you failed to come to work despite being scheduled to be on duty. |

In total there have been 38 occurrences of your failure to follow proper leave procedures since pay period 09 of this leave year.

### Charge II.    *Absence Without Leave*

Since April 5, 2004, you have been on an unexcused absence status from work. I have issued you prior notices that a failure to follow proper leave procedures and not providing supporting evidence for your continued and excessive absence from work would entail placing you on Absence Without Leave (AWOL) status. From April 5, 2004, through May 28, 2004, you were scheduled to be on duty on these occasions and yet you were AWOL for 38 days for a total of 304 hours, as follows:

| Specification | Date | # Hours AWOL |
|---|---|---|
| 1 | April 5, 2004 | 8 |
| 2 | April 6, 2004 | 8 |
| 3 | April 7, 2004 | 8 |

Page 5 - Ms. Susan E. Johnson – Proposal to Remove

| | | |
|---|---|---|
| 4 | April 8, 2004 | 8 |
| 5 | April 9, 2004 | 8 |
| 6 | April 12, 2004 | 8 |
| 7 | April 13, 2004 | 8 |
| 8 | April 14, 2004 | 8 |
| 9 | April 15, 2004 | 8 |
| 10 | April 16, 2004 | 8 |
| 11 | April 19, 2004 | 8 |
| 12 | April 20, 2004 | 8 |
| 13 | April 21, 2004 | 8 |
| 14 | April 22, 2004 | 8 |
| 15 | April 23, 2004 | 8 |
| 16 | April 26, 2004 | 8 |
| 17 | April 27, 2004 | 8 |
| 18 | April 28, 2004 | 8 |
| 19 | April 29, 2004 | 8 |
| 20 | April 30, 2004 | 8 |
| 21 | May 3, 2004 | 8 |
| 22 | May 4, 2004 | 8 |
| 23 | May 5, 2004 | 8 |
| 24 | May 6, 2004 | 8 |
| 25 | May 7, 2004 | 8 |
| 26 | May 10, 2004 | 8 |
| 27 | May 11, 2004 | 8 |
| 28 | May 12, 2004 | 8 |
| 29 | May 13, 2004 | 8 |
| 30 | May 14, 2004 | 8 |
| 31 | May 17, 2004 | 8 |
| 32 | May 18, 2004 | 8 |
| 33 | May 19, 2004 | 8 |
| 34 | May 20, 2004 | 8 |
| 35 | May 21, 2004 | 8 |
| 36 | May 24, 2004 | 8 |
| 37 | May 25, 2004 | 8 |
| 38 | May 26 2004 | 8 |

In summary, you have been charged AWOL on 38 occasions for a total of 304 hours.

Additionally, prior to April 5, 2004, the Agency has granted your requests for approved leave status, as supported by acceptable medical evidence from your treating physician, Dr. James. This was done as a form of reasonable accommodation due to your medical condition. However, I find that your AWOL is excessive and simply constitutes unacceptable attendance.

In proposing this action, I have considered the totality of the circumstances involved with your situation - your long absence, your subsequent failure to respond to my

Page 6 - Ms. Susan E. Johnson – Proposal to Remove

correspondences dated January 16 and March 3, 2004, and your admission, through your legal representative, as to your receipt of these notices. Despite being fully informed of your responsibility to comply with my request for more updated medical evidence or further explanation as to your continued absence, you chose not to comply with such outstanding requests. I have further considered the relationship of these matters to your duties, as well as other factors related to your employment with the Federal Government, as discussed below.

## PENALTY DISCUSSION

In accordance with the Merit Systems Protection Board's holdings in <u>Douglas v. Veteran's Administration,</u> in proposing that you be removed for the above referenced offenses, I have analyzed the relevant mitigating and/or aggravating factors as detailed below:

### <u>Nature and Seriousness of Offenses and Relation to Duties, Position and Responsibilities/ Job level and type of employment</u>

As a GS-510-11, Accountant (OA), in the Grant Program, Administrative Reporting and Reconciliation Group, Office of Chief Financial Officer (OCFO) your Position Description shows your duties include, among other things, serving as a member of a team assigned to service the accounting, reporting and reconciliation needs of specific organizations; assisting management in researching and recording financial data; recommending alternatives to resolve difficult problems; reconciling cash, accounts receivable, accounts payable, and other general ledger accounts; correcting differences between subsidiary ledger balances and control account balances in the general ledger.

Your lengthy absence has imposed burdens on your co-workers, requiring them to provide the services for which you are responsible for providing, besides performing their regular duties. In addition, I, and other, managers have been forced to do some of the shifting work duties to ensure a degree of completion of work is met. These extra efforts still do not place us in the best or optimum position of servicing our clients or their needs. Therefore, your failure to follow proper leave procedures and your AWOL cannot be tolerated. In the time I have been your supervisor, I no longer have confidence in your ability to come to work and/or to perform the duties of your position effectively.

### <u>Employees Length of Service and Past Disciplinary Record</u>

You have over 10 years of Federal service to your credit. I note that you have no prior discipline. Given the length of time that you have already been out and the fact that you did not return to the office since being notified of the date (April 5, 2004) when your current entitlement to LWOP under the FMLA was to end, leads me to conclude that you will not be returning to the office in the near future to resume your duties at the Department of Education, as an Accountant, or in any other position.

### <u>Employees Past Work Record</u>

Page 7 - Ms. Susan E. Johnson – Proposal to Remove

Your prolonged absence has impacted negatively on the operation and morale of the Office. As stated above since the beginning of this leave year, approximately 4 months, you have been away from the office (LWOP) for 640 hours and (AWOL) for 304 hours or approximately 100% of the time. This represents a long period of time that we have not had the benefit of your services. This has a detrimental effect upon your performance. The last performance rating you received at the Department was in 2002 and I note it was Pass. Nonetheless, your prolonged and continuing absence(s) make it difficult to get the work of the office accomplished. As I mentioned above, because of your prolonged absence(s), other employees (including myself and other managers), have taken over your work in addition to their own. Performing your duties in addition to their own places a burden on your co-workers and negatively impacts on the work and the morale of the office. Your failure to respond to my communications and your AWOL cannot be tolerated.

### Consistency of the penalty

This proposal is consistent with what I would recommend or impose upon any other employee for the same misconduct and circumstances.

### Table of Penalties

The penalties suggested in the Department's Table of Penalties (PMI 751-1, Appendix A), are intended to serve as a guide only and greater or lesser penalties may be imposed than suggested as circumstances warrant. The Table does not include every potential offense. While this is your first disciplinary action for the offenses cited above, I believe that with the length of time that you have already been absent, the fact that your absences do not appear to have an end, and the negative impact these absences have had and continue to have on the operations of the office, warrant my proposing your removal. The charge of excessive leave is not specifically addressed in the Department of Education Penalties for Stated Offenses. However, based on the above considerations, I find your actions warrant this proposed removal in order to promote the efficiency of the service.

### Notoriety

The proposed penalty confirms the seriousness with which such misconduct is viewed and effectively deters other federal employees from committing similar acts. The agency cannot condone your behavior.

### Clarity of Notice

It is undisputed that you were on clear notice that you needed to report for duty and/or provide acceptable medical documentation to support further absences, or else you would be charged AWOL. You were also informed that while AWOL, in and of itself, is not a disciplinary action; being in an AWOL status may lead to appropriate disciplinary action, which may include or lead to your removal from the Department's rolls and the Federal Service.

Page 8 - Ms. Susan E. Johnson – Proposal to Remove

**Potential for Rehabilitation and Adequacy and Effectiveness of Alternative Sanctions to Deter such Conduct in the Future**

The repeated nature of your misconduct demonstrates a lack of potential for rehabilitation. This is especially evidenced by the fact that after receiving my January 16 and March 3, 2004, memos, you continued to be away from the office after April 5, 2004, the date when your FMLA entitlement to LWOP ended. The nature of your failure to respond to my memos further leads me to believe that your behavior is intentional and demonstrates a lack of potential for rehabilitation. This convinces me that the imposition of lesser sanctions would not deter future misconduct. Although an employer may make concessions for attendance based on an employee's illness or injury, or even for an employee's personal reasons, such allowances may not be continued indefinitely. For the reasons cited above, and the fact that this type of conduct seriously impacts the operations of this office, I am proposing your removal in order to promote the efficiency of the service.

**Other Mitigating Circumstances**

A removal is being considered since efforts at reasonable accommodation have failed. While you have submitted documentation that you have a medical condition, this documentation does not indicate that a medical condition may be the cause of your failure to respond to my January 16 and March 3, 2004, memos or your failure to return to work. You did not cooperate by any means or in any manner to issues regarding reassignment possibilities. I see nothing relating to your claimed disability would prevent you from providing input into this issue. In addition, you have not provided any information to indicate that you expect to return to regular full time employment in the foreseeable future. This is despite Dr. George C. James' statement in his November 9, 2003, memorandum that your "underlying depression and anxiety are not conditions that preclude [you] from returning to work at the Department of Education." Therefore, you have not provided me with any documentation that would warrant any mitigation.

**DISABILITY RETIREMENT**

I would also like to point out to you that employees, who are unable to return to duty, may file an application for Disability Retirement. Please note that you will be required to submit medical information to support this application. Eligibility requirements for disability retirement can be found in 5 C.F.R. Part 844, Subpart A. The main points are summarized below:

(1) The employee must have completed at least 18 months of service.

(2) The employee must, while employed in a position subject to FERS, have become totally disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or if there is no such deficiency, the disabling medical condition must be incompatible with either useful and efficient

Page 9 - Ms. Susan E. Johnson – Proposal to Remove

    service or retention in the position; for useful and efficient service in his or her position of same grade or class.

(3) The disabling medical condition must be expected to continue for at least 1 year from the date the application for disability retirement is filed.

(4) Accommodation of the disabling medical condition in the position held must be unreasonable.

(5) The individual must not have declined an offer of reassignment to a vacant position.

Enclosed is a retirement package for your use and information. If you choose to apply for disability retirement, or if you have any questions regarding this option, please contact Ms. Ursula Andersen, Employee Relations, at (202) 401-1920.

<u>Reply Rights</u>

You have the right to reply to this proposal orally, in writing, or both, and to secure and present affidavits or other evidence within ten (10) workdays after receipt of this proposal. Your receipt will be presumed 5 work days after mailing or June 4, 2004. Your reply(s) are to be addressed to the Deciding Official, Mr. Terry Bowie, Director, Financial Management Operations, Financial Management Operations. Your written reply should be forwarded to Mr. Bowie at the following address:

        U.S. Department of Education
        Director, Financial Management Operations
        400 Maryland Avenue, SW
        FB-6; Room 4W202
        Washington, D.C. 20202

If you wish to reply orally, you must schedule an appointment with Mr. Bowie within the ten (10) workday period. You may contact Mr. Bowie at (202) 401-4144 to schedule an appointment. Mr. Bowie will consider extending the time limit for submitting your reply if you submit a written request in advance of the deadline, explaining your reasons for needing more time.

You are entitled to be represented in this matter by an AFGE Local 2607 representative or other representative of your choice, in all matters related to the preparation and presentation of your response(s), or you may elect self-representation. If you choose a representative, you must submit his/her name in writing to Mr. Bowie.

You and/or your representative have the right to review the material relied upon to support this proposed action. The material is attached. A reasonable amount of official time will be granted to you for the preparation, presentation and review activities, as well as for securing affidavits. You should make arrangements for the use of official time

Page 10 - Ms. Susan E. Johnson – Proposal to Remove

through me. If your representative is a ED employee in an active duty status, he or she is entitled to a reasonable amount of official time to assist and represent you in any or all of the preparation, presentation, and review activities and should make arrangements for the use of such time through his or her supervisor.

During the notice period, you will remain in an active duty and pay status to the extent you would otherwise be in one. Any timely response to this proposal will be carefully considered before a final decision is made. As soon as possible after receipt of your response, or after the expiration of the ten (10) workday reply period if you do not respond, Mr. Bowie will issue a final written decision.

If personal or health related problems may be contributing to your actions, I strongly encourage you to seek assistance through ED's Employee Assistance Program (EAP). The EAP can help in a variety of situations and is cost-free to you. If you believe that the EAP could be of assistance, you are urged to contact a counselor at 1 (800) 222-0364 to schedule an appointment. These services are confidential.

If you, or your representative, have any questions about the regulations or procedures applicable to this proposal, you may contact Stacie Jackson, Employee Relations, at (202) 401-1920.

Attachments


Cc:    Terry Bowie, Deciding Official
       Stacie Jackson, Employee Relations Specialist