

UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF THE CHIEF FINANCIAL OFFICER

**MEMORANDUM**

| | | |
|---|---|---|
| TO | : | Susan E. Johnson<br>Accountant |
| FROM | : | Terry Bowie<br>Director, Financial Management Operations |
| SUBJECT | : | Notice of Decision to Remove |
| DATE | : | July 21, 2004 |

This is notice of my decision to remove you from your position of Accountant, GS-510-11, in the Grant Program Administrative Reporting and Reconciliation Group, Office of Chief Financial Officer (OCFO), and from the Federal Service. I have decided to sustain the proposing official's recommendation that you be removed since this will promote the efficiency of the Federal Service based on the charges stated in the proposal. This action is taken pursuant to U.S. Code Chapter 75; the implementing regulations at 5 C.F.R. Part 752; the Education Department's Personnel Manual Instruction (PMI) 751-1; and the Collective Bargaining Agreement, Article 41. Your removal is effective on August 6, 2004.

To ensure that you understand the basis for this decision, I will summarize briefly the information available to me, which formed my considerations when making my decision. The Notice of Proposed Removal was mailed to you on May 27, 2004. Your receipt of this notice through the U.S. Postal Service was presumed to be within five (5) calendar days of mailing, on June 4, 2004, through regular mail. (Also, the proposal notice was sent via FedEx and certified-return/receipt. The certified mail was returned to the Department unopened after two notices from the post office went unheeded by you. The FedEx envelope was delivered and signed for at 12:09 p.m. on May 28, 2004.) You were given 10 workdays to respond to the proposal either orally, in writing, or both after the date of presumed receipt. You were advised of your right to representation and the procedures for requesting an extension of time to respond, if necessary.

You, or your legal representative, did not request an extension of time and did not respond

properly to the proposal. Instead, your legal representative filed with the Equal Employment Opportunity Commission (EEOC) a retaliation complaint dated July 9, 2004, which acknowledged receipt of the May 27th Notice of Proposed Removal and merely asserted that the proposed removal was part of a "continuation of a pattern of harassment" for having filed an employment discrimination complaint against the Department. A copy of this filing was sent to me, as well as others in the Department. I have carefully considered all the matters available to me, including this recent filing, in making this decision. As such, I find that you repeatedly failed to follow proper procedures for requesting leave of which you were well aware, and that you were AWOL, as outlined in the Proposal.

In support of the charge, the Proposing Official cited the following as background information:

> You had been carried in a Leave Without Pay (LWOP) status for most of the 2003 leave year and much of 2004. In pay period (pp) 01 to 05 of 2003 you used 254 hours of LWOP and in each pp from pp 06 to pp 26 you were approved for 80 hours of LWOP. In pp 01 to pp 08 of 2004 you continued to be approved for 80 hours of LWOP, thus incurring 1,934 hours of LWOP in 2003 and 640 hours of LWOP in 2004. This leave included your entitlement to 12 weeks of paid or unpaid absences from the workplace under the Family Medical Leave Act (FMLA).
>
> In a memorandum dated, March 25, 2004, you were directed to return to the office on Monday, April 5, 2004, or alternatively, if you were unable to return to duty, you were directed to submit additional medical information for review, which you have not done to date. You did not request additional leave, nor did you return to duty on April 5, 2003 (pp09), or any day thereafter. You have been charged Absence Without Leave (AWOL) since April 5, 2004.

The Department has not received any information or medical documentation from you since that time, which would indicate any change in your condition or ability to perform any job related functions. Others, including your immediate supervisor, must pitch in to do your assigned work besides their own share. Your continued absence places a burden on the remaining workforce and impacts negatively on the efficiency of the service.

## *I. Failure to Follow Proper Leave Procedures*

In support of this charge, the Proposing Official, Mack Lawrence, cited 38 specifications between April 5, 2004 and May 26, 2004, where you failed to follow proper procedures for requesting leave, and you failed to report to work. I note that you were on clear notice of the proper procedures to follow and that such notice was given to you through (1) the March 25, 2004, memorandum stating that you were to return to the office on Monday, April 5, 2004, or alternatively, if you were unable to return to duty, you were told to submit additional medical information for review, which you have not done to date; (2) the January

16, 2004 memorandum and (3) the March 3, 2004 memorandum - both of which advised you that your entitlement to 12 weeks of LWOP under the FMLA would end on April 5, 2004. You have simply failed to call in to request leave and failed to come to work, despite being scheduled to be on duty. As such, I find that Charge I of the proposal is supported by a preponderance of the evidence.

***II. Absence Without Leave***

In support of the charge of absence without leave (AWOL), the proposing official cited that you were AWOL on 38 days for a total of 304 hours. You were informed on two occasions (through the January 16th and March 3rd memoranda) that your failure to either return to duty on April 5, 2004 or to submit additional medical documentation to support a request for approved leave, would lead to a charge of AWOL. Effective April 5, 2004, you were placed on AWOL status. I note that you did not report for duty on the directed date of April 5, 2004, or any date thereafter. As such, I find that Charge II of the proposal is supported by a preponderance of the evidence, and I sustain that charge as well.

Other Considerations

As stated in the Proposal, you were initially approved for LWOP based on a November 9, 2003, letter submitted from your psychiatrist, Dr. George C. James. In that letter, he stated that your "underlying depression and anxiety are not conditions that preclude [you] from returning to work at the Department of Education" and yet "in [his] opinion, it would be extremely detrimental to Ms. Johnson's mental health for her to return to the workplace." Based on Dr. James' statement that you were not precluded from returning to work at the Department of Education (ED), Mr. Lawrence, your immediate supervisor, initiated a discussion with you, in writing, dated January 16, 2004, to look at the possibility of reassigning you into a vacant position at your current grade or at a lower pay level as a viable form of reasonable accommodation. This was sent to your current address via regular mail, certified-return/receipt, and FedEx delivery service. It is undisputed that you and your legal representative received and read this correspondence. Nonetheless, you chose to ignore this interactive invitation on the matter of a possible reasonable accommodation reassignment.

On March 3, 2004, Mr. Lawrence again initiated a written dialogue with you on the topic of a possible reassignment position. You were asked for input regarding your interests and any additional qualifications not listed on your SF-171 (as filed in your Official Personnel Folder), as well as any information from your health providers on limitations concerning that possibility. This letter was sent to you in the same manner as with prior communications (via regular mail, certified - return/receipt, and FedEx delivery service). It is undisputed that you and your legal representative received and read this correspondence. Despite given the opportunity to provide meaningful input on how the Agency might be able to reasonably accommodate your medical condition(s), you and your legal representative apparently have chosen not to take advantage of that right.

During the time we were assessing your situation, we retained you in a leave without pay (LWOP) status as a form of reasonable accommodation while considering other reasonable accommodation possibilities. Contrary to what you might think or claim, this was done so as to preserve as many options as possible for you, and to give you the opportunity to assist us in finding a mutually acceptable resolution of your situation. Your absence to date is extensive and continuous in nature. I have no indication that you intend to return to work in the near future. I conclude this based on the fact that you no longer turn in signed flex sheets as required. Your continued absence places an unreasonable burden on the remaining workforce and impacts negatively on the efficiency of the service and can no longer be granted or justified. In such à situation, it is appropriate to notify an employee of the available option of disability retirement. As such, you were informed to consider applying to the Office of Personnel Management for disability retirement status, since it appears that you do not intend or cannot return to work.

Aggravating/Mitigating Factors

In determining what action should be taken in this matter, I also considered the following factors:

Nature and Seriousness of Offenses and Relation to Duties, Position and Responsibilities/ Job level and type of employment

As a GS-510-11, Accountant (OA), in the Grant Program, Administrative Reporting and Reconciliation Group, Office of Chief Financial Officer (OCFO) your Position Description shows your duties include, among other things, serving as a member of a team assigned to service the accounting, reporting and reconciliation needs of specific organizations; assisting management in researching and recording financial data; recommending alternatives to resolve difficult problems; reconciling cash, accounts receivable, accounts payable, and other general ledger accounts; correcting differences between subsidiary ledger balances and control account balances in the general ledger.

Your ongoing absences, without providing proper notice concerning them or any notice of when you intend to return to duty on a full-time basis, have impacted negatively on the operation and morale of the office. Your absences have imposed burdens on your supervisor and co-workers, requiring them to provide the services that you are responsible for providing; in addition to performing their regular duties. Based on this information, I find that I join your immediate supervisor in having a lack of confidence in your ability to come to work and to perform the duties of your position effectively.

Employees Length of Service and Past Disciplinary Record

You have over 10 years of Federal service to your credit. I note that you have no prior discipline. Given the length of time that you have already been out and that you did not return to the office, since being notified of the date (April 5, 2004) when your current

entitlement to LWOP under the FMLA ended, leads me to conclude that you will not be returning to the office in the near future to resume your duties at the Department of Education, as an Accountant, or in any other position.

Employees Past Work Record

Your prolonged absence has impacted negatively on the operation and morale of the Office. Since the beginning of this leave year, approximately 7 months, you have been away from the office (LWOP) for 640 hours and (AWOL) for 624 hours or approximately 100% of the time. This represents a long period of time that our office has not had the benefit of your services. This has a detrimental effect upon your performance. The last performance rating you received at the Department was in 2002 and it was Pass. Nonetheless, your prolonged and continuing absence(s) make it difficult to get the work of the office accomplished. As I mentioned above, because of your prolonged absence(s), other employees (including your immediate supervisor and other managers), have taken over your work in addition to their own. Performing your duties in addition to their own places a burden on your co-workers and negatively impacts on the work and the morale of the office. Your failure to respond to your immediate supervisor's communications and your AWOL cannot be tolerated.

Consistency of the penalty

This proposal is consistent with what I would impose upon any other employee for the same misconduct and circumstances. I also note the fact that the Merit Systems Protection Board case law has repeatedly held that removal may be deemed an appropriate penalty for absenteeism and failure to adhere to applicable requirements for obtaining leave.

Table of Penalties

The penalties suggested in the Department's Table of Penalties (PMI 751-1, Appendix A), are intended to serve as a guide only and greater or lesser penalties may be imposed than suggested as circumstances warrant. The Table does not include every potential offense. While this is your first disciplinary action for the offenses cited above, I agree that with the length of time you have already been absent, the fact that your absences do not appear to have an end, and the negative impact these absences have had and continue to have on the operations of the office, warrant your removal. Based on the above considerations, I find your actions warrant removal in order to promote the efficiency of the service.

Notoriety

The proposed penalty confirms the seriousness with which such misconduct is viewed and effectively deters other federal employees from committing similar acts. The agency cannot condone your behavior.

Clarity of Notice

It is undisputed that you were on clear notice that you needed to report for duty and/or provide acceptable medical documentation to support further absences, or else you would be charged AWOL. You were also informed that while AWOL, in and of itself, is not a disciplinary action; being in an AWOL status may lead to appropriate disciplinary action, which may include or lead to your removal from the Department's rolls and the Federal Service.

Potential for Rehabilitation and Adequacy and Effectiveness of Alternative Sanctions to Deter such Conduct in the Future

The repeated nature of your misconduct demonstrates a lack of potential for rehabilitation. This is especially evidenced by the fact that after receiving Mr. Lawrence's January 16 and March 3, 2004, memos, you continued to be away from the office after April 5, 2004, the date when your FMLA entitlement to LWOP ended. The nature of your failure to respond to these memos leads me to believe that your behavior is intentional and demonstrates a lack of potential for rehabilitation. This convinces me that the imposition of lesser sanctions would not deter future misconduct. Although an employer may make concessions for attendance based on an employee's illness or injury, or even for an employee's personal reasons, such allowances may not be continued indefinitely. For the reasons cited above, and the fact that this type of conduct seriously impacts the operations of this office, I am removing you in order to promote the efficiency of the service.

Other Mitigating Circumstances

A removal is being considered since efforts at reasonable accommodation have failed. While you have submitted documentation that you have a medical condition, this documentation does not indicate that a medical condition may be the cause of your failure to respond to the Proposing Official's January 16 and March 3, 2004, memos or your failure to return to work. You did not cooperate by any means or in any manner to issues regarding reassignment possibilities. I see nothing relating to your medical condition that would prevent you, a family member, or representative from providing input into this issue. In addition, you have not provided any information to indicate that you expect to return to regular full time employment in the foreseeable future. This is despite Dr. George C. James' statement in his November 9, 2003, memorandum that your "underlying depression and anxiety are not conditions that preclude [you] from returning to work at the Department of Education." Finally, you were provided with the appropriate notice regarding the opportunity to respond to the proposal. Instead of providing any type of supporting medical evidence regarding your continued absence or information when you might reasonably return to this or any viable alternate position, your legal representative filed with the EEOC a complaint alleging reprisal, which merely asserted the existence of a continued pattern of harassment and offered nothing that would warrant any mitigation of the proposed adverse action of removal.

**NOTICE OF RIGHTS OF APPEAL**

The following is provided regarding your rights to appeal this decision.

I. NO ALLEGATION OF DISCRIMINATION

If you do not believe that this decision is based in whole or in part on discrimination (based on race, color, religion, sex, national origin, age, handicap and/or reprisal), you may appeal the decision through the negotiated grievance procedure or to the Merit Systems Protection Board (MSPB), but not both.

A. Grievance – No Discrimination Alleged

If you choose to appeal this decision through the expedited negotiated grievance procedure as described in Article 42, Section 42.07, you may, within five work days after receipt of this decision, present a grievance in writing on ED Form 5340 to:

Mr. Jack Martin
Chief Financial Officer
Office of the Chief Financial Officer
U.S. Department of Education
400 Maryland Avenue, SW
FB-6; Room 4E313
Washington, D.C. 20202
Telephone (202) 401-0477

You may present your grievance alone, or if you choose representation, through a Union representative. If you elect to represent yourself, you must simultaneously file a copy of this grievance with Labor Relations, Room 2C136, FOB-6.

B. MSPB Appeal – No Discrimination Alleged

In accordance with the MSPB Regulations, the following information is also provided to you regarding your right to appeal this decision to MSPB.

1. Time Limits

Petitions for appeal must be filed any time during the period beginning on the day after the effective date of this action and not later than 30 calendar days after the effective date.

2. Address

Appeals should be addressed to:

Merit Systems Protection Board
Washington Regional Office
1800 Diagonal Road
Suite 205
Alexandria, Virginia 22314-2840

Attached is a copy of the MSPB's regulations governing appeals of Agency decisions and appeal form. An appeal to the MSPB should inform the Board that the records of this case may be obtained by writing to:

Barbara L. Malebranche
Director
Employee Relations
U.S. Department of Education
400 Maryland Avenue, S.W.
Room 2E233
Washington, D.C. 20202

The MSPB's regulations require that you be advised that if you do not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown. The judge will provide you an opportunity to show why the appeal should not be dismissed as untimely.

## II. ALLEGATION OF DISCRIMINATION

If you believe that this decision is based in whole or in part on discrimination on the basis of race, color, religion, sex, national origin, handicap, age or reprisal (for having engaged in a Title VII activity), you may elect to appeal the decision in one of the following three ways:

A. Through the negotiated grievance procedure (Article 42 of the Collective Bargaining Agreement); or

B. By seeking a mixed case appeal to the MSPB; or

C. By seeking a redress through the ED Equal Employment Opportunity (EEO) Office.

Each of these procedures is described below.

1. Grievance – Discrimination alleged

If you choose to appeal this decision through the negotiated grievance procedure as described in Article 42, you must present a grievance in writing on ED Form 5340, as described in Section I.A. above.

If you elect to file a grievance, you may not then file a mixed case appeal with MSPB or file a mixed case complaint through the Department's EEO procedure.

2. MSPB – Discrimination Alleged – Mixed Case

If you choose to file a mixed case appeal with the MSPB, the time limits and procedures are described in Section I.B. above.

If you elect to file a mixed case appeal with the MSPB, you may not then file a grievance through the negotiated grievance procedure or file a mixed case complaint through the Department's EEO procedure.

3. EEO Complaint – Discrimination Alleged – Mixed Case

Allegations of discrimination must be brought to the attention of an ED EEO Counselor within 45 calendar days of the effective date of this decision. Further complaint action must be in accordance with the ED EEO complaint procedures. Thereafter, you may not file a grievance through the negotiated grievance procedure or initially file a MSPB appeal on the same manner.

A Notification of Personnel Action, Standard Form 50, effecting this removal will be placed as a permanent part of your Official Personnel Folder.

If you desire further information about the procedures on which this decision is based, you may contact Stacie Jackson of the Employee Relations, at (202) 401-1920.

Attachments