Jan. 14, 1995

To whom it may concern

Re: Susan Johnson

This is to inform you that Ms. Susan Johnson is under my care and is being seen every 3 to 4 weeks. Due to recent changes in her medical condition, she has needed medication changes and more frequent follow-up visits. She could benefit from a work schedule of less than 8 hours a day from time to time depending on her overall condition. This flexibility is essential in order to keep her stressors to a minimum.

                                                          Sincerely,

                                                          George C. James, M.D.

George C. James, M.D.
835 S. Main Street, Laurel, MD 20707
Office: 301-776-5516
Fax: 301-953-0506

Nov. 26, 2001

To whom it may concern

Re: Susan Johnson


      This is to inform you that Ms. Susan Johnson is under my care and is seen on a regular basis as an outpatient. Due to the nature of her condition, it is possible that she may need minor adjustment to her work schedule to manage her condition. She may need time off from work occasionally which is often unpredictable. A cooperative arrangement between Ms. Johnson and her employer will be helpful in limiting work related absences to a minimum.

Sincerely,

George C. James

**GEORGE C. JAMES, M.D.**
3905 NATIONAL DRIVE, SUITE 250
BURTONSVILLE, MD 20866
301 421 4233

March 11, 2003

To Whom It May Concern:

Re: Susan Johnson Valentic

Ms. Susan Johnson Valentic is under my care and is seen on a regular basis for the management of her symptoms of Major Depression and Generalized Anxiety Disorder. She is on maintenance medications which she will continue indefinitely. She had made plans several months ago for a vacation from 3/18/03 to 3/28/03. I am writing to recommend that she obtain the necessary leave time to go ahead with her vacation plans as it would otherwise cause a worsening of her symptoms of anxiety.

Sincerely,

*[signature]*

George C. James, M.D.

**George C. James, M.D.**
3905 National Drive, Suite 250
Burtonsville, MD 20866
301 421 4233

May 2, 2003

To The United States Department of Education:

Re: Susan Johnson

    As Ms. Johnson's psychiatrist, I have written letters previously to recommend certain accommodations for Ms. Johnson due to her symptoms of depression and anxiety. Ms. Johnson's condition is chronic and may vary in intensity from time to time depending on external circumstances and stressors.
    Ms. Johnson's level of depression and anxiety has been exacerbated by a number of recent stressors. These include resistance to reasonable accommodations at work, a lack of resolution regarding her EEOC claim and the negative environment she feels at work. These stressful conditions are likely to persist as long as her EEOC claim remains unresolved. As a result, Ms. Johnson will be unable to return to work place for a minimum of 6 months. I will periodically review her progress and inform you when she is ready to return to work. She may require certain accommodations at that time under the Americans with Disabilities Act.

Sincerely,



George C. James, M.D.

# George C. James, M.D.

**3905 National Drive, Suite 250**
**Burtonsville, MD 20866**
**301 421 4233/ Fax 301 421 9551**

November 9, 2003

To: The United States Department of Education

Re: Susan Johnson

As Ms. Johnson's psychiatrist, I have provided notes and letters concerning her medical condition over many years. My notes have repeatedly informed the Department of her condition of chronic depression and anxiety. The severity of her symptoms varies in intensity from time to time and is closely related to the work stressors that she experiences. Her anxiety level has increasingly worsened with her feelings of discrimination, resistance, and hostility from supervisory and office management officials over the past several years.

Six months ago, I sent a letter to the Department stating that Ms. Johnson would be unable to return to the workplace for a minimum of six months. I indicated that I would periodically review her prognosis as to when conditions would be appropriate for her to return to work. I am sending this letter to inform the Department of my evaluation of Ms. Johnson's best interests in terms of her disability.

Let me make it clear that Ms. Johnson's underlying depression and anxiety are not conditions that preclude her from returning to work at the Department of Education. In previous notes, I have recommended the provision of reasonable accommodations to respond to Ms. Johnson's needs as a person with disabilities, in order to enable her to work productively in her job. In addition, she continually made me aware of her own oral, e-mail, and written communications requesting reasonable accommodations to enable her to work productively, as well as her requests for promotions when she understood that she was entitled to receive them.

Several years ago, during a period of time when she was accommodated to a significant extent with respect to flexible hours of work, she demonstrated competent performance, high productivity, greater job satisfaction, and improvement in her mental health. She was proud of job ratings for excellent work and bonus awards for extra effort.

Over the last seven or more years, as her supervisory arrangements changed, culminating in the latest supervisory and management personnel's attempt to deny the reasonable accommodations agreement that was in effect, she began to observe a worsening of her depression and anxiety depending on the intensity of her work related stressors. She sensed resistance and hostility following her insistence on nondiscriminatory treatment of her rights and

1

on such reasonable accommodations as flexible working hours, credit for irregular hours actually worked, and approval of time off from work (using annual or sick leave, or leave without pay, as necessary).

Because of the persistence of Ms. Johnson's severe anxiety and fear of intimidation and retaliation by Department of Education officials at the supervisory and office personnel management levels above her, I have concluded that in my opinion, it would be extremely detrimental to Ms. Johnson's mental health for her to return to the workplace. She has a rational expectation of a continuing hostile work environment and an adversarial relationship with such Departmental personnel, at an even heightened level, as she continues to pursue her complaint in the Equal Employment Opportunities Commission process.

Sincerely,

*[signature]*

George C. James, M.D.

2