UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

Susan E. Johnson
5902 Mt. Eagle Drive, # 1601
Alexandria, Virginia 22303

    **Plaintiff**

    v.                                        CIVIL ACTION NO. 06-0321 (GK)

Margaret Spellings, Secretary
U.S. Department of Education
400 Maryland Avenue, S.W.
Washington, D.C. 20202

    **Defendant**

---

### STATEMENT OF DR. FRANKLIN J. PEPPER, M.D.
### FOR PLAINTIFF SUSAN E. JOHNSON

I, Franklin J. Pepper, M.D., D.L.F.A.P.A., declare, under penalty of perjury, that this statement containing my medical report regarding Susan E. Johnson (married name, Valentic) is true and correct.

I am a board-certified psychiatrist, Diplomate in Psychiatry and Forensic Psychiatry, American Board of Psychiatry and Neurology, Inc. A summary of my qualifications is attached, following my statement.

PRACTICE LIMITED TO PSYCHIATRY                                                                    BY APPOINTMENT ONLY

<h1 style="text-align:center">F. J. Pepper, M.D., P.C.</h1>
F. J. Pepper, M.D.

Distinguished Life Fellow,
   American Psychiatric Association
Diplomate in Psychiatry and Forensic
   Psychiatry, American Board of
   Psychiatry and Neurology, Inc.

4600 Duke Street - Suite 424
Alexandria, Virginia 22304-2578
Telephone (703) 823-2311
Facsimile (703) 823-2429

September 14, 2006

To whom it may concern:

I, F. J. Pepper, M.D., affirm that the attached 5 pages are true copies of reports I wrote on 12/28/05 (4 pages) and 4/10/06 (1 page) to the Office of Personnel Management, Disability Retirement/FERS, Washington, D.C.

*[signature]*

Sworn to and subscribed before me, in my presence this 14 day of September 2006. A Virginia Notary Public. In and for the State at Large

_Eliana Moseley_ Notary Public

My commission expires 2/28/2007

PRACTICE LIMITED TO PSYCHIATRY

Life Fellow, American Psychiatric Association
Diplomate in Psychiatry and Forensic
  Psychiatry, American Board of
  Psychiatry and Neurology, Inc.

BY APPOINTMENT ONLY

4600 Duke Street - Suite 424
Alexandria, Virginia 22304-2578
Telephone (703) 823-2311
Facsimile (703) 823-2429

*F. J. Pepper, M.D., P.C.*
# F. J. Pepper, M.D.

December 28, 2005

Office of Personnel Management
Disability Retirement/FERS
Washington, DC

Re: **JOHNSON, Susan E.**
DOB: 5/21/66
SSN: 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

To Whom It May Concern:

This is a psychiatric report on **Susan E. Johnson**, a former long-time Federal Employee. Until separation from her position in 2004, she had worked as an Accountant, GS-510-11, in the U.S. Department of Education, for 8 years. For the 3 years preceding that, she had worked in that office as an "office automation secretary." She is now applying for disability retirement benefits under the Federal Employees' Retirement System (FERS).

Ms. Johnson has been receiving outpatient psychiatric care from me since 1/26/05. Altogether, we have had 20 individual sessions in my office thus far. These sessions provide supportive and insight-oriented psychotherapy and psychopharmacological (medication) management.

In preparing this report, I have reviewed my therapy notes. I have reviewed the record of Ms. Johnson's inpatient and outpatient psychiatric care at Inova Fairfax Hospital, dated 1/3-1/12/05 and 1/13-1/24/05, respectively. I have read the report of George C. James, M.D., a Board-certified psychiatrist in Burtonsville, Maryland, who provided outpatient care for Ms. Johnson in his office from 1994 until October, 2004, and I have conferred with Dr. James by telephone.

Ms. Johnson reports that she has had mental/emotional problems all her life. Throughout her years of school, Ms. Johnson believes that anxiety, mainly, interfered with her performance, making it more difficult and/or slowing her down. She would experience significant anxiety when called upon in class and during examinations. She believes her depression appeared during her teens, but was less severe then than later. No accommodations were sought or provided throughout all levels of school. She did graduate from high school at the normal age of 18. She took and completed a full load of courses during her first year of college. She attempted a full load in the second year, but could not handle it, so she then dropped some courses and took incompletes in two others. The same happened in the third year. So, by the beginning of her fourth year, it was recognized that she would not finish college within the traditional four years. The

Office of Personnel Management
December 28, 2005
Page 2

same occurred in the fourth year. A fifth year was required. During her fifth year, she had an acute episode of depression and anxiety, culminating in a suicide attempt by medication overdose. She finally finished college during the Fall semester of 1989. She received a B.S. in Business, with a major in Human Resources plus Concentration in Accounting.

At the Department of Education, she discovered early on, in 1994, that she experienced a form of social anxiety when doing her work in the presence of her coworkers. She would experience an irrational fear of going to work, often manifested by nausea, vomiting and/or diarrhea, which could make her as much as 3 hours late to work. In 1994, she attempted suicide by overdosing on Trazodone at home one morning on a workday. She was taken to Laurel (Maryland) Regional Hospital, where she received two weeks' inpatient treatment followed by a week of "Partial Hospitalization." She believes she was then diagnosed with a Major Depressive Episode and Generalized Anxiety Disorder. Following that episode, she sought an accommodation whereby she could have considerable flexibility in her work hours. That would enable her to stay late to complete her 8-1/2 hour workday, and would somewhat lessen the amount of time she would have to work in the presence of others. This accommodation was granted, and Ms. Johnson believes it worked well. Ms. Johnson reports that from time-to-time thereafter, various supervisors challenged her to defend the accommodation, which she regularly did, apparently satisfactorily, as it was continued until February 2003. A modification was imposed by management in 2001, in which Ms. Johnson was required to obtain prior approval before working outside regular hours, in order to be paid for those hours. In practice, that was not always feasible, as her supervisor was sometimes too occupied with other duties and unavailable to hear and respond to Ms. Johnson's request for approval. If she went ahead and stayed late to make up the early hours missed, she ran the risk that her request to be paid for the late hours would be denied. It was not always denied, but sometimes it was. It is not clear whether Ms. Johnson could have waited until, say, the following day to make her request, at a time when her supervisor was available, and worked the make-up hours on that day.

Eventually, the time came, in 2003, when the Department notified Ms. Johnson that it would no longer grant her the accommodation it had made in some form for some nine years. At that point, Ms. Johnson filed an EEOC complaint. She continued to work, until 2/14/04, when she experienced an extended period of illness, consisting of anxiety and nausea, complicated by drowsiness from her medication. While still at home, she received notice of termination from her job citing her failure to come to work for some 6 months. The termination date was 8/6/04.

On 1/3/05, Ms. Johnson made her eighth suicide attempt by overdosing with her Effexor, an antidepressant. During this episode, she experienced a seizure, unconsciousness, and some delusionality—all, presumably, resulting from the overdose. She received inpatient treatment at Inova Fairfax Hospital until 1/12/05. Three similar, overlapping diagnoses were provided at the time of discharge, involving features of mood and thought disorder. She was discharged to partial hospitalization follow-up. It was at

that point that she switched to my care, inasmuch as she was living in Virginia and my office was much handier for her.

### Mental Status Evaluation

This covers the entire time I have been working with Ms. Johnson. She is soft-spoken, but clearly audible. She is cheerful, pleasant, and cooperative. She is fully oriented to person, place, time, term, and distant events. She is articulate. Her mood and affect are consistent. She tends to overinterpret, but not to a pathological level. There are no indications of psychotic thinking—no delusions, illusions, hallucinations, or paranoid thinking. No ideas of reference. Thinking is organized. Insight, despite years of therapy, seems limited. Judgment and internal controls, by self-report, are not consistent, and, in fact, have been seriously lacking in many instances.

### Diagnosis

**Social anxiety disorder (a/k/a Social Phobia), Code 300.23** (DSM-IV-TR, American Psychiatric Association).
**Major depressive episodes, recurrent, with anxiety, Code 296.33** (same source).

### Discussion

When Ms. Johnson entered my care, fresh upon discharge from the inpatient and outpatient treatment at Inova Fairfax Hospital, I chose to continue a diagnosis that rolled into one the various thought and mood disorders that her treating psychiatrist there, C. M. Prasad, M.D., had listed. After months of painstaking interviews, mainly, plus discussion with her previous outpatient psychiatrist, George C. James, M.D., it is time to substitute what I believe to be a more appropriate diagnoses. I see no evidence that she was ever psychotic.

### Application

The question to be decided by your agency's reviewers is whether Ms. Johnson can perform her particular job. Her Agency, unfortunately, eventually concluded she could not. She no longer has her job. Her Agency made it harder and harder for her to utilize the Accommodation that had been made for her under the Americans With Disabilities Act. Her EEOC petition was denied and, recently, so was her appeal. I have no doubt that there is any number of jobs she could work at in her accounting field.

Office of Personnel Management
December 28, 2005
Page 4

      One observation came to light only recently. I had assumed, from our discussions, that the Accommodation had worked rather well over the years, until her Agency began to tighten the screws. However, I have learned from Ms. Johnson that every year she was there, she exhausted all her sick and annual leave and there were still days that had to be counted as Leave Without Pay.

### Conclusion

      For the reasons assigned above, it is my professional conclusion that **Susan E. Johnson is not able to perform the job from which she was separated by her Agency.**

                                        Sincerely,

                                        F. J. Pepper, M.D., D.L.F.A.P.A.
                                        Diplomate in Psychiatry and
                                            Forensic Psychiatry
                                        American Board of Psychiatry
                                            and Neurology, Inc.

FJP/kh

PRACTICE LIMITED TO PSYCHIATRY                                                            BY APPOINTMENT ONLY

# F. J. Pepper, M.D., P.C.
## F. J. Pepper, M.D.

Life Fellow, American Psychiatric Association
Diplomate in Psychiatry and Forensic
Psychiatry, American Board of
Psychiatry and Neurology, Inc.

April 10, 2006

4600 Duke Street - Suite 424
Alexandria, Virginia 22304-2578
Telephone (703) 823-2311
Facsimile (703) 823-2429

Office of Personnel Management
Disability Retirement/FERS
Washington, DC

Re: JOHNSON, Susan E.
SSN: 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
DOB: 5/21/1966

### Disability Retirement Benefits

To Whom It May Concern:

You are in receipt of my psychiatric report, dated December 28, 2005, on the above-referenced individual, in support of an application for disability retirement benefits under the Federal Employees' Retirement System (FERS).

Ms. Johnson has been receiving outpatient psychiatric care from me since January 26, 2005. As of December 28, 2005, we had had 20 individual sessions in my office, and there have been two sessions since. These sessions provide supportive and insight-oriented psychotherapy. I also provide her with psychopharmacological (medication) management. She is presently taking the following medication which I have prescribed:

(1) Zoloft (Sertraline) 100 mg. tabs. Sig: 1 tab. every morning.
(2) Zyprexa (Olanzapine) 5 mg. tabs. Sig: 1 tab. in a.m. & 2 tabs. at bedtime.
(3) Trazodone (Desyrel) 50 mg. tabs. Sig: 1 tab. at bedtime, or as directed.
(4) Klonopin (Clonazepam) 0.5 mg. tabs. Sig: 1 tab. 1-2x per day.

<&diamond;>

I trust that this report satisfies your needs. However, should you desire further data or views, please do not hesitate to contact me.

Sincerely,

F. J. Pepper, M.D., *D.L.F.A.P.A.*
Diplomate in Psychiatry and Forensic Psychiatry
American Board of Psychiatry and Neurology, Inc.

FJP/kbh

F. J. PEPPER, M.D.

*CURRICULUM VITAE*

| | |
|---|---|
| **NAME:** | F(ranklin) J(ay) Pepper, M.D. |
| **OFFICE:** | 4600 Duke Street, Suite 424; Alexandria, Virginia 22304-2578.<br>Phone (703) 823-2311. Fax (703)823-2429. E-mail <f peppermd@aol.com> |
| **PERSONAL:** | b. Omaha, Nebraska, 3/21/35. Married; 1 son. |
| **EDUCATION, TRAINING:** | University of Nebraska, Lincoln, Nebr. B.A., '54; M.S., '58.<br>University of Nebraska College of Medicine, Omaha, Nebr. M.D., '65.<br>Nebraska Methodist Hospital, Omaha, Nebr. Rotating Internship, '65-66.<br>St. Elizabeths Hospital, Washington, DC. Residency in Psychiatry, '68-71. |
| **BOARD CERTIFICATIONS:** | Diplomate in Psychiatry and Forensic Psychiatry,<br>American Board of Psychiatry and Neurology, Inc. |
| **LICENSURE:** | Diplomate, National Board of Medical Examiners.<br>Medical Licensure in Virginia, (active); Nebraska, D.C (inactive). |
| **SPECIALTY:** | Psychiatry. |
| **SUBSPECIALTY:** | Forensic Psychiatry. |

**PROFESSIONAL PRACTICE:**

Previous

St. Elizabeths Hospital, Washington, D.C. Staff Psychiatrist, Division of Forensic Programs, Full-time, '71-73, Part-time, '73-76; headed Post-Trial Maximum Security Male Program, '71-73; Acting Chief Psychiatrist, Pre-Trial Section, '73-76. Consultant in Forensic Programs, '76-03.

Fairfax-Falls Church Mental Health Center, Falls Church, VA. Staff Psychiatrist, Part-Time, '69-73. Diagnostic and forensic evaluations; individual and group psychotherapy.

Alexandria Mental Health Center. Consultant, '81-96.

Current

Private practice of psychiatry, Alexandria, VA. Part-time, '69-73, Full-time, since 1973: General and Forensic psychiatry.

**HOSPITAL AFFILIATION:**

<u>Inova Alexandria Hospital, Alexandria, VA.</u>

Department of Psychiatry, '72- .
Chief, Department of Psychiatry '77-83, '93-95, '03- .
Member, Executive Committee of the Medical Staff '77-83, '93-95, '03- .
Chairman, Medical Staff Bylaws Committee, '79-87
Chairman, Ad Hoc Committee on Suicide Prevention, '82-83.
Member, Child Abuse Committee, '83-84.
Member, Nurse of the Year Committee, '96- .

**OTHER HOSPITAL CONSULTATIONS [past]:**

Occasional consultation at Va. Hosp. Center/Arlington Fairfax Hosp., Mount Vernon Hosp., George Washington University Hosp., No. Va. Community Hosp.

Also at National Hosp. for Orthopaedics and Rehabilitation, Circle Terrace Hosp., Jefferson Memorial Hosp. [all since closed].

-2-

**FORENSIC PSYCHIATRY:**
- (1) St. Elizabeths Hospital (see above).
- (2) Fairfax-Falls Church Mental Health Center (see above). Responsibilities included evaluation of all cases referred from the courts of Fairfax County and the cities of Fairfax and Falls Church, VA and reporting findings and recommendations to the referring courts. Similar evaluations of cases referred by the Virginia Department of Rehabilitative Services and by the Narcotics Abuse and Rehabilitation Agency.
- (3) Private Practice. Estimated about 2% of practice is for ensic psychiatry or forensic-related. Evaluations in civil and ciminal matters.
- (4) Courts. Have qualified as expert witness in variety of civil and criminal cases in courts in Virginia, D.C., and Maryland, including Federal and State or District courts; also Federal courts in Virgin Islands and Colorado.

**PROFESSIONAL AND PROFESSIONAL-RELATED ORGANIZATIONS AND RESPONSIBILITIES:**

Virginia Board of Medicine. Member, '82-92. Chair, Legislative Committee, '84-90 ; Chair, Physician's Assistant Advisory Committee, '83-86; Executive Committee, '86-92. Secretary-Treasurer, '88-89. Vice President, '89-90. President, '90-91.

Virginia Board of Health Professions. Member, '90- 92; Regulatory Research Committee, '91- 92; Task Force on Managed Health Care, Co-Chair, '91- 92. Compliance & Discipline Committee, '92; Regulation Review Team for Medicine '92 and for Dentistry '92.

Federation of State Medical Boards, Participant '86-93; Long-Range Planning Committee, '91-93.

Medical Society of St. Elizabeths Hospital. President, '74-75.

Washington Area Council on Alcoholism and Drug Abuse (WACADA). Secretary, '75-77.

American Psychiatric Association (APA). '71- . Distinguished Life Fellow, '03.

Washington Psychiatric Society (WPS), '71- . Program Committee '71-72; Committee on Hospital Psychiatry, '81-85. Board member since 1990's. Legislative Affairs Representative for Virginia, '01- .

Northern Virginia Chapter of WPS. Executive Committee, '73-74; Legislative Affairs Committee, '84. Secretary, '95-96. Treas. '96-98. Chair, '99-01

D. C. Chapter of WPS [previous].

American Medical Association (AMA) '72-'90; '92-93; '95-96; '98-99; '01-02.

AMA/APA: Continuing Medical Education Award, current to 2004.

Medical Society of Virginia. Alternate Delegate, '83- 90: Delegate, '91- . Member, Reference Cmtes., '92, '94, etc.

Alexandria Medical Society. Board, '83- . Program Cmte., '87, Co- Chair/Chair, '88-96. Treas. '92-93. Sec'y '93-94. President-elect, '95. President, 1996.

Council of Northern Virginia Medical Societies '95- . President, 1996.

Alexandria Emergency Medical Services Committee. Charter Member, '73-79.

Psychiatric Society of Virginia (Associate member).

Medical Society of the District of Columbia [previous]. Associate Member, '72-83. Member, Section on Psychiatry; Member, Committee on Smoking and Health, '74-77; Delegate to D.C. Interagency Council on Smoking and Health, '75-77.

American Academy of Psychiatry and the Law (AAPL).

Chesapeake Chapter of AAPL. Program Committee, '83-84; Counselor for VA, '90-99; Treas., '97-99; President, '99-01.

American Society of Psychoanalytic Physicians (ASPP).
- D.C. Chapter of ASPP: Secretary, '84-86; Vice-President, '86-87 President-Elect, '87-88; President, '88-89. Fellow, '89. National Pres.-Elect, '01-02; President, '02-03.

National Capitol Medical Foundation [past].

Northern Virginia Institute (formerly Consortium) for Continuing Medical Education [past].

Northern Virginia Physicians' Association [past].

Northern Virginia Medical Service Corporation [past].

**OTHER SCIENTIFIC ORGANIZATIONS:**
   Royal Society of Health. Fellow.
   Nebraska Academy of Sciences. Life Member.
   American Association for the Advancement of Science (past).

**MILITARY:**
   U.S. Army Medical Corps, Captain, '66-68. (Included service as battalion surgeon in Vietnam, '66-67. Awards include Bronze Star-"M", Combat Medical Badge, Air Medal).

**PUBLICATION:**
   Co-Author, "Erythrocyte Automosaicism in Some Persons of Known Genotype." *Science*, 12/61.

**MISCELLANEOUS:**
   "Washington Area's Top Doctors," as featured in Consumers' Checkbook, 2003

< >

PRACTICE LIMITED TO PSYCHIATRY                                                                  BY APPOINTMENT ONLY

*F. J. Pepper, M.D., P.C.*
F. J. Pepper, M.D.

Distinguished Life Fellow,
  American Psychiatric Association
Diplomate in Psychiatry and Forensic
  Psychiatry, American Board of
  Psychiatry and Neurology, Inc.

4600 Duke Street - Suite 424
Alexandria, Virginia 22304-2578
Telephone (703) 823-2311
Facsimile (703) 823-2429

September 14, 2006

## STATEMENT

**Re: Susan A. Valentic – Federal ADA Lawsuit**

For professional services rendered in preparation of a Forensic Psychiatric Report for submission to Office of Personnel Management, with respect to FERS Disability Retirement dated December 28, 2005, for the above-referenced patient (previously billed and paid in full):

| | | |
|---|---|---|
| Review of patient's case | 3 hrs. 40 min. @$425/hr. | $1,558.20 |
| Writing report | 3 hrs. @$425/hr. | 1,275.00 |
| | Total | $2,833.20 |

For professional services—Forensic Psychiatric Statement to be submitted to the Court in the above-referenced case:

4/10/06  Preparation of supplemental report regarding medication in support of Plaintiff's application for disability retirement benefits
                                   1 hr. @ $455/hr.        $455.00

8/31/06  Meeting with Dr. Johnson, Att'y for Plaintiff
                                   45 min. @ $455/hr.      $341.10

9/14/06  Preparation of Forensic Psychiatric Statement to be submitted to the Court
                                   1 hr. @ $455/hr.        $455.00

                                   Total                   $1,251.10

*[signature]*
**F. J. Pepper, M.D., D.L.F.A.P.A.**
**Diplomate in Psychiatry and Forensic Psychiatry**
**American Board of Psychiatry and Neurology, Inc.**

## CERTIFICATE OF SERVICE

I certify that the "Statement of Dr. Franklin J. Pepper, M.D., for Plaintiff Susan E. Johnson", signed September 14, 2006, in Civil Action No. 06-0321 (GK), *Johnson v. Spellings*, has been sent to John F. Henault, Assistant U.S. Attorney, Department of Justice, Washington, D.C., by U.S. Postal Service priority mail on September 15, 2006.

In addition, a copy thereof has been e-mailed to Mr. Henault on September 15, 2006.

*Richard E. Johnson*
Richard E. Johnson
Counsel for the Plaintiff
District of Columbia Bar # 86686
3522 Majestic Lane
Bowie, Maryland 20715-1604
Phone and fax number: 301-262-9658
E-mail: richard-johnson@verizon.net

September 15, 2006