UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SUSAN E. JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-0321 (GK) |
| | ) | |
| MARGARET SPELLINGS, | ) | |
| Secretary of Education, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF SUMMARY JUDGMENT**

Notwithstanding that plaintiff is represented by counsel, plaintiff filed an opposition that simply restates the allegations contained in the complaint, fails to even address defendant's legitimate, non-discriminatory reasons, fails to refute defendant's statement of material facts not in dispute and fails to even cite a single case. In sum, plaintiff's vague and unsupported allegations are insufficient to create a genuine dispute of material fact and summary judgment in defendant's favor is appropriate.

**LEGAL STANDARD**

**I.     SUMMARY JUDGMENT STANDARD**

A party may defeat a properly-supported summary judgment motion only by providing a "response, by affidavits or as otherwise provided in this Rule, [setting] forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Rule 56(e) directs that summary judgment "*shall* be entered against the adverse party" if that party fails to raise a genuine issue for trial (emphasis added). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party"); Celotex Corp. v. Catrett, 477 U.S.

317, 106 S. Ct. 2548, 2553 (1986) ("a party who fails to make a showing sufficient to establish the existence of an element essential to establish that party's case, and on which that party will bear the burden at trial" cannot withstand a motion for summary judgment).  If the non-movant's evidence is "merely colorable, or is not significantly probative, summary judgment may be granted."  Liberty Lobby, 477 U.S. 249-50 (internal citations omitted).  Nor may the non-movant manufacture genuine issues of material fact on the basis of "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), or with "conclusory allegations" or "unsubstantiated assertions."  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).  See also Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999) (accepting plaintiff's "conclusory allegations . . . would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial."); Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993).

     While it is true that summary judgment must be approached with special caution in discrimination cases, "this does not eliminate the use of summary judgment in discrimination cases."  Marshall v. James, 276 F. Supp. 2d 41, 47 (D.D.C. 2003) (citing cases).  Instead, a discrimination plaintiff "is not relieved of her obligation to support her allegations by affidavits or other ***competent*** evidence showing that there is a genuine issue for trial."  Calhoun v. Johnson, 1998 WL 164780, at  * 3 (D.D.C. March 31, 1998) (internal citation omitted), aff'd, 1999 WL 825425, at * 1 (D.C. Cir. Sept. 27, 2000) (emphasis added).  "Summary judgment is not a 'disfavored procedural shortcut,' but is an integral procedural tool which promotes the speedy and inexpensive resolution of every case."  Marshall, 276 F. Supp. 2d at 47 (quoting Celotex Corp., 477 U.S. at 327).

## II.     RESPONDING TO A STATEMENT OF MATERIAL FACTS

Pursuant to Local Civil Rule 7(h), an opposition to a motion for summary judgment must be accompanied by "a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement."  LCvR 7(h).  The opposing statement of genuine issues must respond *directly* to the factual statements asserted in the motion for summary judgment.  "In determining a motion for summary judgment," the Rule instructs, "the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."  Id.  See also  Nichols v. Truscott, 424 F. Supp. 2d 124, 132 - 133 (D.D.C. 2006) ("On a motion for summary judgment, the non-moving party's opposition must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial.").

The D.C. Circuit has made clear that, "[i]f the party opposing the motion fails to comply with this Local Rule, then 'the district court is under no obligation to sift through the record' and should 'instead . . . deem as admitted the moving party's facts that are uncontroverted by the nonmoving party's Rule [7(h)] statement.'"  Securities and Exch. Comm'n v. Banner Fund Int'l, 211 F.3d 602, 616 (D.C. Cir. 2000) (internal citation omitted) (alteration in original).  This Court "***strictly adheres*** to the text" of the local rules governing summary judgment practice," Turner v. District of Columbia, 383 F. Supp. 2d 157, 165 (D.D.C. 2005) (emphasis in original), and "***will assume*** 'that facts identified by the moving party in its statement of material facts are

3

admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.'" Id. (emphasis added) (quoting local rule).

Plaintiff's only response to defendant's statement of material facts is to assert "[t]he 'Defendant's Statement of Material Facts Not in Dispute,' set forth with the Defendant's Motion for Summary Judgment, is an inaccurate, fragmentary, incomplete, and inadequate statement concerning facts material to the Plaintiff's claims in this case." Pltf's Opp. p.1. Other than this unsupported assertion, plaintiff fails to address defendant's statement of material facts not in dispute. Instead, plaintiff purports to set forth a separate statement of facts, most of which are entirely unsupported by citations to the record. Because plaintiff failed to address defendant's statement of material facts not in dispute as required by applicable rules, this Court should treat defendant's statement of material facts not in dispute as conceded. Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp.2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997)); see also United States v. Real Prop., Parcel No.03179-005R, Civ. A. No. 01-0706, 2003 WL 224053382 at *12 (D.D.C. Oct. 21, 2003); Bancoult v. McNamara, 227 F. Supp.2d 144, 149 (D.D.C. 2002).

## ARGUMENT

I.  **IT IS UNDISPUTED THAT PLAINTIFF'S APPLICATION FOR <u>IN FORMA PAUPERIS</u> STATUS WAS FALSE**

Defendant's motion explained in detail why plaintiff's application for <u>in forma pauperis</u> status was false and misleading, in that it failed to disclose one investment account owned solely by plaintiff and another investment account jointly owned by plaintiff and her husband. In response, plaintiff quotes at length sections of her deposition that *confirm* that plaintiff in fact does own two investment accounts that were not disclosed to the Court. Then, plaintiff asserts, without any support in the record, that plaintiff did not understand the questions. Pltf's Opp. p. 26.

Plaintiff's opposition conveniently neglects to mention that plaintiff herself is an *accountant*, who worked in the Office of the Chief Financial Officer at the Department of Education. Def.'s Stmt. of Mat. Facts ¶ 2. Moreover, at the time plaintiff signed and submitted the Application to Waive Prepayment of Costs, plaintiff was represented by counsel. <u>See</u> Complaint p.16 (signature of Richard Johnson, counsel of record for plaintiff). Thus, for plaintiff to now claim that she somehow did not understand the simple and straightforward question "Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles, or any other thing of value" is simply beyond belief and, in fact, entirely unsupported by any record evidence. The unsupported assertions is also contrary to plaintiff's sworn deposition testimony. In deposition, plaintiff was asked "you are the legal owner of that money also, right?" <u>See</u> Def's Stmt. of Mat. Facts ¶ 41 (citing Pltf's Depo. 289:17-289:19). Plaintiff answered "Right." <u>Id.</u> Thus, as the time plaintiff was deposed, she was clearly aware that she owned two investment accounts, which are certainly "stocks, bonds, securities, other

financial instruments . . . of other things of value." See Def's Stmt. of Mat. Facts ¶ 40 (citing Exhibit 20 to Defendant's Motion (Application to Proceed Without Prepayment of Fees and Affidavit)). Moreover, even if plaintiff's unsupported excuse is accurate, the fact that plaintiff is, and was at the time the application was signed, represented by counsel makes the false application inexcusable.

There is no dispute of fact that plaintiff's sworn statement on her Application to Proceed Without Prepayment of Fees and Affidavit is *false*. Accordingly, this Court should dismiss plaintiff's claims in their entirety.

## II.  PLAINTIFF'S CLAIMS RELATING TO THE REQUIREMENT THAT SHE OBTAIN PRIOR APPROVAL FOR CREDIT HOURS FAILS

Plaintiff's response to defendant's argument that her claim relating to the requirement that she obtain approval prior to working credit hours is that "Defendant is mistaken." Pltf's Opp. p.27. In support of this claim, however, plaintiff offers no legal analysis and no record evidence. An unsupported claim that "defendant is mistaken" is simply insufficient to defeat summary judgment.

As explained in defendant's motion, plaintiff's claim relating to credit hours is that her supervisor required her to obtain approval prior to working credit hours. Plaintiff does not dispute that Ms. Logan, as plaintiff's team leader, imposed this requirement in 1998 after reading the Department of Education's Handbook on Reasonable Accommodations. See Def. Stmt. of Mat. Facts ¶ 10. Likewise, plaintiff does not dispute that she never sought EEO counseling within 45 days of Ms. Logan imposing this requirement and, in fact, did not seek EEO counseling until almost four years later. Id. Plaintiff also does not dispute that Mr. Lawrence, as plaintiff's fist-line supervisor, confirmed the requirement that plaintiff obtain approval prior to

working credit hours on March 23, 2000.  Id. ¶ 12.  Again, she does not dispute that she failed to seek EEO counseling within 45 days of Mr. Lawrence confirming the requirement.  Id.

Plaintiff also does not dispute the fact that the reason she did not want to seek approval for working credit hours is because she felt that, because of her disability (depressive disorder and anxiety disorder), she should be able to come into work when she wanted and leave work when she wanted, without any preapproval.  Id. ¶ 11.  Finally, plaintiff does not dispute that she never provided any note from a doctor or other physician stating that she should be permitted to work credit hours without seeking prior approval.  Id.

Instead of disputing any of the aforementioned facts, and in response to defendant's argument that her claims are time-barred and that the continuing violation theory does not save these time-barred claims, plaintiff's opposition asserts that her immediate supervisor "denied her request for a reasonable accommodation on June 25, 2002 and August 5, 2002, both dates within 45 days of the Plaintiff's seeking EEO counseling."  Pltf's Opp. p.27.  Not only is plaintiff's claim regarding an alleged denial of a reasonable accommodation entirely ***unsupported*** by record evidence, it is ***contrary*** to plaintiff's own sworn deposition testimony and, therefore, insufficient to defeat summary judgment.

As an initial matter, plaintiff's claim that she was allegedly denied a reasonable accommodation on June 25, 2002 and August 5, 2002 is entirely unsupported by record evidence and, therefore, insufficient to create a genuine dispute of material fact.  The D.C. Circuit has affirmed the grant of summary judgment where the nonmoving party failed to cite any evidence in the record, and in the statement of genuine factual issues, "did not set forth specific, material facts, but simply asserted, without citing evidence in the record, that there was a disputed issue."

7

Burke v. Gould, 286 F.3d 513, 518 (D.C. Cir. 2002) (quoting Tarpley v. Greene, 684 F.2d 1, 7 (D.C. Cir. 1982)). Accordingly, plaintiff's failure to support her claim with any record evidence is fatal to that claim and, therefore, insufficient to defeat summary judgment.

Second, even if this Court were to consider plaintiff's assertion that she was allegedly denied a reasonable accommodation on June 25, 2002 and August 5, 2002, that claims fails – it is contrary to plaintiff's sworn deposition testimony. In deposition, plaintiff was asked whether or not Mr. Lawrence denied her requests to work credit hours, and, if so, how many times. Pltfs' Depo. 119:3-119:18. Plaintiff could not say conclusively how many times this happened, but estimated that it occurred ten times. Pltf's Depo. 119:12-119:18. Plaintiff was then asked when Mr. Lawrence allegedly denied her requests, and was unable to provide a single date for such denials. Pltf's Depo. 120:14-120:16 ("Q. When were those times? A. I don't know. I just know that there was approximately ten times when that happened."). Plaintiff was also asked "Do you remember when any of these times were, these roughly ten times?" Plaintiff responded, "No." Pltf's Depo. 121:8-121:10. Finally, in deposition, when discussing an email of June 25, 2002 – the same date on which plaintiff alleges that she was denied working credit hours – plaintiff was asked, "Okay. Do you know whether he ever approved these credit hours?" Plaintiff responded, "No, I don't, I can't recall." Plaintiff was than asked, "So naturally you don't know whether they were disapproved." Plaintiff again responded, "No." Pltf's Depo. 137:9-137:14.

Now, after testifying under oath that she could not identify a single time of Mr. Lawrence denying to preapprove plaintiff working credit hours, plaintiff asserts, without any record support, that such denials occurred on June 25, 2002 and on August 5, 2002. Because plaintiff's

8

current, unsupported assertion directly contradicts her sworn testimony, it is insufficient to create a genuine dispute of material fact.  See Hopkins v. Women's Div., General Bd. of Global Ministries, 284 F. Supp. 2d 15, 24 (D.D.C. 2003) (rejecting a declaration from plaintiff that contradicts her prior sworn testimony); Reetz v. Jackson, 176 F.R.D. 412, 414 (D.D.C. 1997) ("Plaintiff cannot create or resurrect a genuine issue of fact and thereby defeat summary judgment by the simple expedient of filing an affidavit that contradicts previous sworn testimony."); Pyramid Sec. Ltd. v. IB Resolution, Inc., 924 F.2d 1114, 1123 (D.C. Cir. 1991) ("Courts have long held that a party may not create a material issue of fact simply by contradicting [her] prior sworn testimony . . .  '[T]he objectives of summary judgment would be seriously impaired if the district court were not free to disregard [the later statement].'" (quoting Martin v. Merrell Dow Pharm., Inc., 851 F.2d 703, 706 (3d Cir. 1988)); Gagne v. Northwestern Nat. Ins. Co., 881 F.2d 309, 315 (6th Cir. 1989).  Simply, plaintiff can not defeat summary judgment by contradicting or changing her sworn testimony and, therefore summary judgment is appropriate on this claim.

### III.   PLAINTIFF'S CLAIMS RELATING TO HER CAREER LADDER PROMOTION FAIL

Plaintiff begins her analysis of defendants's argument relating to her career ladder promotion by stating that defendant is "not correct" that plaintiff is seeking to challenge her time-barred promotions to the GS-9 and GS-11 level.  Pltf's Opp. p.28.  Defendant addressed these claims in her motion for summary judgment for one reason – in deposition plaintiff testified that these claims were included in this action.  As plaintiff's opposition now asserts that these claims are not part of this case, defendant will not address these claims herein.

Accordingly, the only promotion claim at issue here is plaintiff's career ladder promotion from the GS-11 to GS-12 level.

Regarding plaintiff's claim that her failure to receive a career ladder promotion from the GS-11 to GS-12 level was discriminatory on the basis of her disability, defendant's motion first asserted that plaintiff cannot establish a prima facie case of discrimination because she was not "otherwise qualified." See Def's Motion p.13-14. Specifically, defendant set forth undisputed facts that plaintiff had missed more than 25% of her work time for the relevant time period. Defendant also set forth several cases supporting the legal argument that the ability to come to work is an essential function of any job. Id. Plaintiff disputes neither the fact that she missed more than 25% of her work time nor the legal principle that the ability to come to work is an essential function of a job. Rather, plaintiff's only response is to claim that plaintiff worked "almost 72 percent of the time," which plaintiff also classifies as "the overwhelming majority of work hours," for the relevant time period and, therefore, asserts that plaintiff should have received the promotion. Unfortunately, plaintiff's argument that working "almost 72 percent of the time" is not enough to show that the employee is in fact qualified. In fact, as with the rest of her opposition, her argument contains not a single citation to any legal authority. Thus, there is no dispute that plaintiff missed more than 25% of her work time during the relevant time period and that the ability to come to work is an essential function of a job. Accordingly, plaintiff cannot establish a prima facie case of discrimination because she cannot show that she was "otherwise qualified" for her position. Rosell v. Kelliher, 2006 WL 1102833, 4* (D.D.C. 2006) ("One of the most fundamental requirements of any government job is the ability to appear for work.") and Sampson v. Citibank, 53 F. Supp. 2d 13, 18 (D.D.C. 1999) (holding that an

employee who cannot meet the attendance requirements of the job is not a "qualified individual" under the ADA); Carr v. Reno, 23 F.3d 525 (D.C. Cir. 1994).

In addition to the argument that plaintiff cannot establish a prima facie case of disability discrimination, defendant's motion provided defendant's legitimate, non-discriminatory reason for the failure to promote plaintiff, i.e., Mr. Lawrence testified that he had not been able to actually observe that plaintiff was capable of performing the duties at the GS-12 level because "she's not here enough in order [to move] to the next grade" and, therefore, he could not recommend her for promotion. See Def's Motion p.14-15.  It is well established that, a defendant is entitled to summary judgment if she offers a legitimate, non-discriminatory action for her actions and plaintiff fails to show that the reason is pretext for discrimination. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 508 (1993) (once a defendant offers a legitimate, non-discriminatory reason, plaintiff may only defeat summary judgment by establishing that the "proffered reason was not the true reason for the employment decision," and that the plaintiff's membership in a protected class motivated the employment action); Hastie v. Henderson, 121 F. Supp. 2d, 72, 77 (D.D.C. 2000) aff'd, No. 00-5423, 2001 WL 793715 (D.C. Cir. 2001) ("To defeat a motion for summary judgment, a plaintiff cannot create a factual issue of pretext with mere allegations or personal speculation, but rather must point to 'genuine issues of material fact in the record.'");  Aka v. Washington Hosp. Center, 156 F.3d 1284, 1292-93 (D.C. Cir. 1998) (en banc).

In response to defendant's legitimate, non-discriminatory reason for plaintiff's non-promotion, plaintiff's opposition fails to establish pretext.  Instead, plaintiff appears to simply disagree with the decision.  Pltf's Opp. p.29.  In support of this disagreement, however, plaintiff

offers no record facts and no legal authority. Id. Thus, plaintiff fails to establish that defendant's legitimate, non-discriminatory reason for the non-promotion is pretext for discrimination and defendant is entitled to summary judgment on this claim. Nichols v. Truscott, 424 F. Supp. 2d 124, 132 -133 (D.D.C. 2006) ("On a motion for summary judgment, the non-moving party's opposition must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial.").

## IV.    PLAINTIFF'S CLAIM REGARDING HER GALAPAGOS ISLAND VACATION FAILS

Plaintiff does not dispute that she was authorized, and received, 72 hours of LWOP so that she could take a ten day vacation to the Galapagos Islands with her husband.[1] Instead, plaintiff asserts that the time sheets showing that plaintiff received LWOP were prepared at some later time and reflect a "secret and retroactive decision to assign LWOP instead of AWOL status." Opp. p.29. Unfortunately for plaintiff, her claims of a grand conspiracy is devoid of support in any record evidence and, therefore, insufficient to defeat summary judgment. Greene, 164 F.3d at 675 ("A mere unsubstantiated allegation … creates no genuine issue of fact and will not withstand summary judgment.") (quoting Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993)).

In addition to offering unsupported conspiracy claims, plaintiff now asserts that the issue is not about whether or not the LWOP was ultimately approved, it is about the alleged traumatic effect on plaintiff of Mr. Lawrence's refusal to blindly approve requested medical leave. As

---

[1] Plaintiff does not dispute that, although she was somehow able to travel to and enjoy a ten day vacation, she was nonetheless unable to go to work during that time period.

explained in defendant's motion, Mr. Lawrence did not simply approve the leave without question because plaintiff's request, which stated that her leave was necessary for a serious medical condition and was being taken on the advice of the doctor, raised issues with Mr. Lawrence about his mandatory obligations under the Family Medical Leave Act and the Rehabilitation Act. Def's Stmt. of Mat. Facts ¶¶ 15-19. It was plaintiff's steadfast refusal to provide the necessary information that delayed her from receiving approval for the vacation and, in fact, notwithstanding that plaintiff was approved for LWOP for this period, plaintiff *never* provided the requested information.[2] Def's Stmt. of Mat. Facts ¶ 19. There was nothing discriminatory about Mr. Lawrence's request for additional information after he was told that the vacation was a medical necessity and recommended by a physician. Thus, summary judgment in defendant's favor is appropriate.

V.    **PLAINTIFF WAS NOT SUBJECT TO A HOSTILE WORK ENVIRONMENT**

Plaintiff's opposition asserts that defendant is mistaken when she asserted in her motion that the only factors plaintiff alleged support her hostile work environment claim were the series of letters sent to her by Mr. Lawrence. Defendant asserted this undisputed fact for one simple reason – this was plaintiff's sworn deposition testimony. Def's Stmt. of Mat. Facts ¶ 39. In deposition, plaintiff was specifically asked, "We have talked about the letters in 2004 that you claim are harassing, coercive and retaliatory. Are there any other actions that you allege comprise a hostile work environment?" Plaintiff responded, "no." Def's Stmt. of Mat. Facts ¶ 39 (citing plaintiff's deposition testimony). It is well accepted that plaintiff may not create a

---

[2] Although plaintiff asserts without any citation to record evidence that the vacation was supported by a letter from plaintiff's phychistrist, plaintiff acknowledged in deposition that she never provided that letter to her supervisors. Def's Stmt. of Mat. Facts ¶ 19.

genuine dispute of material fact by contradicting her sworn deposition testimony. See Pyramid Sec. Ltd. v. IB Resolution, Inc., 924 F.2d 1114, 1123 (D.C. Cir. 1991) ("Courts have long held that a party may not create a material issue of fact simply by contradicting [her] prior sworn testimony . . . '[T]he objectives of summary judgment would be seriously impaired if the district court were not free to disregard [the later statement].'") (quoting Martin v. Merrell Dow Pharm., Inc., 851 F.2d 703, 706 (3d Cir. 1988)); Gagne v. Northwestern Nat. Ins. Co., 881 F.2d 309, 315 (6th Cir. 1989). Thus, plaintiff may not assert that there are other factors that support her hostile work environment claim and summary judgment is appropriate in defendant's favor.

Even if plaintiff could offer other factors supporting her hostile work environment claim, however, that claim still fails. Plaintiff alleges that "[t]he Department engaged in abusive conduct in dismissive schemed [SIC] at avoid the Plaintiff's concerns at every step, attempting to force her into actions under other Federal processes, including the Family Medical Leave Act and the Merit Systems Protection Board appeals process, instead of addressing her concerns under the Americans with Disabilities standards under the Rehabilitation Act." Opp. p.31. The claim that when a federal agency recommends to someone that they use their available benefits under the Family Medical Leave Act is discriminatory is patently incorrect. As is the claim that providing an employee the opportunity to challenge discriminatory conduct is, in and of itself discriminatory. The exact purpose of these statutory remedies is to be utilized by federal employees. For their existence and use to be discriminatory is nonsensical.

Moreover, a workplace is "hostile" for purposes of a hostile work environment claim *only* when the offensive conduct "permeate[s] [the workplace] with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's

employment and create an abusive working environment." Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998); accord Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993); see also Pa. State Police v. Suders, 542 U.S. 129 (2004); Clark Cty. School Dist., 532 U.S. at 270-271; Holbrook v. Reno, 196 F.3d at 262. The key terms, then, are "severe," "pervasive," and "abusive," as not just any offensive or discriminatory conduct constitutes an actionable hostile work environment. To determine whether a work environment is sufficiently hostile to be actionable, a court should consider: (1) the frequency of the discriminatory conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or merely offensive; and (4) whether the conduct reasonably interferes with the employee's performance. See Faragher v. Boca Raton, 524 U.S. 775, 787-88 (1998). Plaintiff offers no record facts or legal authorities to support her hostile work environment claim, instead offering nothing but unsubstantiated allegations. Such allegations are insufficient to defeat summary judgment.

## VI.    PLAINTIFF'S CLAIM REGARDING HER TERMINATION FAILS

Defendant's motion set forth these undisputed facts: the Department had provided plaintiff every opportunity to either come back to work or provide medical documentation, and she did neither; based upon plaintiff's refusal to either return to work or provide additional medical documentation, the ***only*** option left was for her to be terminated, which is what the Department did; and that the termination was justified by plaintiff's own failure to come back to work and failure to provide medical documentation. See Def's Motion p.17-18; Stmt. of Mat. Facts ¶ 38. These facts are undisputed for one simple reason – they come from plaintiff's own sworn testimony. In light of these facts, there can be no doubt that plaintiff's claim regarding her termination fails for several reasons.

First, plaintiff cannot establish a prima facie case of discrimination because she was not "otherwise qualified" to perform her duties; she could not (or chose not to) come to work. Even plaintiff's own treating physician agrees with this claim – he reported that "Susan E. Johnson is not able to perform the job from which she was separated by her Agency." Exhibit 10 to Pltf's Opp. Plaintiff, however, alleges that her inability to come to work is because her supervisor required her to get approval for working credit hours. This argument is a non sequitur. Plaintiff provides neither the Court nor defendant the benefit of her reasoning on this issue. As set forth previously, unsupported allegations are not sufficient to defeat summary judgment and, therefore, defendant is entitled to summary judgment on plaintiff's claim regarding her termination.

Even if plaintiff could establish a prima facie case of discrimination relating to the termination, however, defendant had a legitimate, non-discriminatory reason for the termination and plaintiff cannot, and does not even attempt to, establish pretext. Faced with plaintiff's refusal to return to work, defendant was left with no other option than to terminate plaintiff. Plaintiff herself agrees with this fact and, therefore, cannot as a matter of law establish pretext. St. Mary's, 509 U.S. at 508 (once a defendant offers a legitimate, non-discriminatory reason, plaintiff may only defeat summary judgment by establishing that the "proffered reason was not the true reason for the employment decision").

Plaintiff's opposition also confirms that her termination claim fails for yet another reason. As explained in defendant's statement of material facts, see Def's Stmt. of Mat. Facts ¶ 40, plaintiff failed timely to seek EEO counseling following her termination. Plaintiff's filing confirms this fact. See Opp. p.21, ¶ 67 (confirming that plaintiff went directly to the EEOC with

16

her complaint instead of seeking counseling as required by regulations). Because plaintiff failed to seek counseling for the termination, she failed to exhaust her administrative remedies and, therefore, summary judgment in defendant's favor is appropriate.

## **CONCLUSION**

For the reasons set forth herein, as well as those set forth in defendant's motion for summary judgment, defendant Margaret Spellings, in her official capacity as Secretary of the Department of Education, respectfully requests that the Court enter summary judgment in her favor.

April 12, 2007                                          Respectfully submitted,


      /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


      /s/
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney


      /s/
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)