UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Susan E. Johnson**
**5902 Mt. Eagle Drive, # 1601**
**Alexandria, Virginia 22303**

    **Plaintiff**

        v.                     CIVIL ACTION NO. 06-0321 (GK)

**Margaret Spellings, Secretary**
**U.S. Department of Education**
**400 Maryland Avenue, S.W.**
**Washington, D.C. 20202**

    **Defendant**

**Sworn Declaration of Paul Valentic**

I, Paul Valentic, declare, under penalty of perjury, that the following statements of mine are true and correct.

I am the husband of the Plaintiff, Susan E. Johnson.

With regard to my investment account at T. Rowe Price which was a subject of questioning at the court's hearing on September 4, 2008, the account at issue contains the following financial elements:

1. Multiple mutual funds.
2. A sweep element to move money into and out of this account. This element is a U.S. money fund.
3. A brokerage element. This contains multiple stocks in various entities.

There is an oral agreement in effect between myself and my wife (the Plaintiff in this case) to deal with the ownership of various assets that I acquired prior to and during our

1

marriage. Under such agreement, the account at issue is solely controlled by me until my death. At the time of my death, Ms. Johnson becomes the sole owner. The accounting treatment involved is that all of the income, liabilities, and tax burden is my sole responsibility.

Ms. Johnson, by our oral agreement, is prohibited from attempting to gain access to the above-described account. Ms. Johnson has never received any money or income from this fund. In fact, no outflows of funds have ever occurred from this account for anyone.

Ms. Johnson does not have the necessary password to gain access to this account. Also, Ms. Johnson has no access to the necessary financial instruments to cause an outflow of money. The financial instruments are under dual combination locks. I am the only one in possession of this combination. Ms. Johnson does not fully understand how these multiple processes work.

I moved my estate to a joint tenant arrangement (while still protecting it with an oral agreement) in order to protect my wishes as to how and to whom my estate goes. Ms. Johnson becomes the instant sole owner of my assets at my death.

In observing the discriminatory actions of the Department of Education against Ms. Johnson, which in fact reduced her to poverty as an individual, eliminated her ability to pursue a career and provide her own livelihood, and severely damaged her health, I realized that Ms. Johnson would need instant access to my estate upon my death. She would have little or no hope of defending herself if there were challenges to a will or claims to my estate in a probate process. Furthermore, the length of time required to resolve matters in a probate process would make her situation hopeless.

\_\_\_ s / _____
Paul Valentic

Date: September 12, 2008